UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NYKEYA KILBY, | ) | Civil No. 09cv2051-L(CAB) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS, FOR A** |
| v. | ) | **MORE DEFINITE STATEMENT** |
| | ) | **AND/OR TO STRIKE THE FIRST** |
| CVS PHARMACY, INC., | ) | **AMENDED CLASS ACTION** |
| | ) | **COMPLAINT** |
| Defendant. | ) | |
| | ) | |

In this putative class action, Plaintiff seeks to recover penalties pursuant to the California Labor Code Private Attorney General Act of 2004 ("PAGA"). Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement of the class definition pursuant to Rule 12(e) and/or to strike the class allegations pursuant to Rule 12(f). Plaintiff filed an opposition and Defendant replied. For the reasons which follow, Defendant's motion is **DENIED** in its entirety.

Plaintiff Nykeya Kilby was employed by Defendant CVS Pharmacy, Inc. as a cashier. She claims that California Industrial Welfare Commission's Order No. 7-2001 Regulating Wages, Hours and Working Conditions in the Mercantile Industry ("IWC" and "Wage Order 7-2001" respectively) required Defendant to provide her and others similarly situated with a suitable seat to use while working, which Defendant failed to do. She filed a putative class action in this court based on diversity jurisdiction pursuant to 28 U.S.C. Section 1332(d). In her first amended complaint she alleged that the pertinent provision of Wage Order 7-2001 is

incorporated into California Labor Code Section 1198 and that under PAGA, California Labor Code Section 2699 provides for private enforcement by an aggrieved employee on his or her behalf as well as on behalf of other current and former employees.  Furthermore, Plaintiff alleges that section 2699's penalty provision applies.

Defendant filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendant argues that the action should be dismissed because the pertinent provision of Wage Order 7-2001 is not incorporated into Labor Code Section 1198; and that if it is, the

/ / / / /

penalty provision of Labor Code Section 2699 does not apply. Furthermore, it maintains that the pertinent provision of Wage Order 7-2001 is invalid.

With respect to the latter argument, Defendant contends that California Labor Code Section 1173 requires the IWC, before adopting any new rules, regulations or policies, to consult with the California Occupational Safety and Health Standards Board to determine areas of potential overlap. Defendant argues that the IWC did not comply with this requirement because it delegated too much to the staff. As Defendant acknowledges (Mot. at 16), this argument was rejected in *California Manufacturers Association v. Industrial Welfare Commission*, 109 Cal. App. 3d 95, 122-23 (1980), which upheld IWC's wage orders against the same challenge. Defendant's argument that *California Manufacturers Association* was wrongly decided is rejected.

Defendant also claims that the action should be dismissed because the pertinent provision of Wage Order 7-2001 is not incorporated into Labor Code Section 1198. Section 1198 provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

The provision of Wage Order 7-2001 on which Plaintiff relies for this action states, "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." (Pl.'s Ex. 1, Wage Order 7-2001 §14(A).)

The parties disagree on the interpretation of section 1198. Defendant argues that section 1198 renders unlawful only employment for longer hours than fixed by the wage orders and those practices which the orders prohibit. Because, according to Defendant, section 14(A) of the wage order is not couched in prohibitory language, it is not rendered unlawful by section 1198. Plaintiff argues that because the wage order mandates the use of seats when appropriate, not providing them for employees when required is prohibited. Neither party cites any binding authority interpreting this statute in the context of Wage Order 7-2001, Section 14(A) or an analogous wage order, and the court is not aware of any. In interpreting a statute, a court begins

its inquiry by examining its language, giving it "a plain and commonsense meaning." *Flannery v. Prentice*, 26 Cal.4th 572, 577-78 (2001). "In doing so, however, we do not consider the statutory language in isolation. Rather, we look to the entire substance of the statute in order to determine the scope and purpose of the provision. We avoid any construction that would produce absurd consequences." *Id.* at 578 (internal quotation marks, ellipses and citations omitted). In addition, "in light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the statutory provisions are to be liberally construed with an eye to promoting such protection." *Indus. Welfare Comm'n v. Super. Ct. (Cal. Hotel & Motel Ass'n)*, 27 Cal.3d 690, 702 (1980).

Section 1198 renders unlawful employment "for longer hours then those fixed by the order or under conditions of labor prohibited by the order." The statute does not limit its application to those provisions which are couched in the negative to prohibit a practice. Although Defendant is correct that permissive provisions appear not to be covered by the statute (*see* Mot. at 6, citing *Wools v. Super. Ct. (Turner)*, 127 Cal. App. 4th 197, 208-09 (2005) ("may not" is prohibitory, but "may" is permissive)), this is irrelevant because section 14(A) is not permissive. It is a part of an order which states what employers "shall" do. It is implied that failing to do what the provision orders is prohibited. To interpret the Wage Orders as not prohibiting, and therefore allowing, any work condition unless the provision is phrased in the negative, *i.e.*, using the word "not," would be contrary to common sense. Accordingly, section 1198 renders unlawful violation of Wage Order 7-2001, Section 14(A).

The next issue is whether the default penalties of Labor Code Section 2699(f) apply in this case. Section 2699(f) includes a default penalty which applies to Labor Code provisions for which a penalty is not specifically provided: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . .."

The parties disagree on the interpretation of this provision. Defendant argues that because Wage Order 7-2001 contains its own penalty provision, that provision applies and not

the default penalties specified in section 2699(f).  Plaintiff argues that PAGA default penalties apply because the Labor Code does not specifically include a penalty for section 1198 violations. Again, neither party cites to any binding authority interpreting this provision in a relevant context.

Based on the language of section 2699(f), default penalties apply to violations of certain Labor Code provisions.  The Labor Code provisions to which the penalties apply are those for which a civil penalty is not specifically provided.  Although Wage Order 7-2001 provides for penalties, Wage Order 7-2001 §20, that penalty provision is not "specifically" provided for violations of any Labor Code sections, much less section 1198.  Default penalty provisions of section 2699(f) therefore apply.  This interpretation is supported by the plain language of the wage order's own penalty provision, which applies "[i]n addition to any other civil penalties provided by law," Wage Order 7-2001 §20, and is therefore not intended to be exclusive even outside the PAGA context, *see Rayan v. Dykeman*, 224 Cal. App. 3d 1629, 1634 (1990) (when statute provides that remedies are "in addition to any other remedies . . . which may be available to plaintiff," the remedies are nonexclusive).  Accordingly, the penalty provision of Wage Order 7-2001 does not preclude the application of default penalties pursuant to Labor Code Section 2699(f).  Based on the foregoing, Defendant's motion to dismiss for failure to state a claim is **DENIED**.

Defendant also requests that the court order Plaintiff to make a more definite statement of the definition of the putative class pursuant to Rule 12(e) or to strike the class allegations pursuant to Rule 12(f).  The definition of the putative class is:

> All persons who, during the applicable statute of limitations, were employed by CVS as Customer Service Representatives, Cashiers, Clerks, or in a similar position that regularly involves or did involve the operation of a cash register, and were not provided with a seat.

(Compl. at 3.)  Defendant argues that this definition is too vague.

Pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose "of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

litigating spurious issues by dispensing with those issues prior to trial . . ..' *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). When it is determined that a class action is not warranted, the court may use Rule 12(f) to strike class allegations from a complaint. *Kamm v. Sugasawara*, 509 F.2d 205, 212 (9th Cir. 1975). Pursuant to Rule 12(e), a party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."

Defendant argues that the class definition is merits-based and vague, because it requires the court to make a fact-intensive, merits-based inquiry to ascertain membership. According to Defendant, the definition is merits-based because it involves the determination whether the class member was provided a seat. In addition, Defendant contends that it is difficult to determine class membership because it is not based on exact titles and allows for class membership of individuals "in a similar position that regularly involves or did involve the operation of a cash register." Plaintiff argues that the determination whether a person was provided a seat is not merit-based because it does not require the court to make any legal determinations, that the determination whether an employee was provided a seat is a simple fact inquiry, and that the phrase Defendant objects to was added to avoid the argument that a person holding, for example, the title of "Cashier II" or "Front-End Clerk" is excluded.

Both parties' arguments have some merit. For example, Defendant's concern that including employees in a similar position is vague or potentially overinclusive, may be mitigated by qualifying the phrase as follows: "that regularly and *frequently* involves or did involve the operation of a cash register." This modification would not detract from Plaintiff's valid concern that limiting the class solely by job titles may be underinclusive. However, Defendant's motion with respect to the class definition is premature. The class will be defined in the order certifying the class, if and when a class action is certified. Fed. R. Civ. Proc. 23(c)(1)(B). For the current

/ / / / /
/ / / / /
/ / / / /
/ / / / /

pleading stage of the case, the class is adequately defined. Defendant's motion to strike and/or for a more definite statement is therefore **DENIED**.

For the reasons stated above, Defendant's motion is **DENIED** in its entirety.

**IT IS SO ORDERED**.

DATED: August 23, 2010

_____
M. James Lorenz
United States District Court Judge