1  TIMOTHY J. LONG (STATE BAR NO. 137591)
   tjlong@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street
3  Suite 3200
   Los Angeles, CA  90017-5855
4  Telephone:     (213) 629-2020
   Facsimile:      (213) 612-2499
5
   MICHAEL D. WEIL (STATE BAR NO. 209056)
6  mweil@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
7  The Orrick Building
   405 Howard Street
8  San Francisco, CA  94105-2669
   Telephone:     (415) 773-5700
9  Facsimile:      (415) 773-5759

10 Attorneys for Defendant
   CVS PHARMACY, INC.
11

12                     UNITED STATES DISTRICT COURT

13                    SOUTHERN DISTRICT OF CALIFORNIA

14

15 NYKEYA KILBY, individually and on behalf        Case No.  09 CV 2051 L CAB
   of all others similarly situated,
16                                                 **ANSWER TO THE FIRST AMENDED**
                   Plaintiff,                      **COMPLAINT**
17
         v.
18
   CVS PHARMACY, INC.,
19
                   Defendant.
20

OHS West:260978808.1                              ANSWER TO THE FIRST AMENDED COMPLAINT
                                                                           09 CV 2051 L CAB

Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS") by and through its counsel of record, hereby answers the First Amended Class Action Complaint for Violation of the Labor Code Private Attorney General Act of 2004 (Cal. Lab. Code Section 2698 *et seq.*) ("First Amended Complaint") of Plaintiff Nykeya Kilby ("Plaintiff" of "Kilby") and admits, denies, and alleges as follows in the numbered paragraphs below:

## INTRODUCTION

1.  In response to Paragraph 1 of the First Amended Complaint, CVS admits that Plaintiff purports to bring a class action and representative action for recovery of penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section 2698 *et seq*. CVS further admits that Plaintiff seeks penalties on behalf of herself and other current and former employees of CVS as provided in the First Amended Complaint. CVS denies the remaining allegations contained in Paragraph 1 of the First Amended Complaint.

2.  In response to Paragraph 2 of the First Amended Complaint, CVS admits that Plaintiff was employed by CVS in California as a Clerk/Cashier and that, as part of her job, Plaintiff operated a cashier. CVS denies the remaining allegations contained in Paragraph 2 of the First Amended Complaint.

3.  In response to Paragraph 3 of the First Amended Complaint, CVS admits that it is a Rhode Island Corporation with its principal place of business in Rhode Island and that it is a nationwide drug store chain that operates in excess of 800 stores in California, including many in this judicial district. CVS further admits that CVS stores range in size and are several thousand square feet. CVS denies the remaining allegations contained in Paragraph 3 of the First Amended Complaint.

## JURISDICTION AND VENUE

4.  In response to Paragraph 4 of the First Amended Complaint, CVS admits that this court has subject matter jurisdiction of this case.

5.  In response to Paragraph 5 of the First Amended Complaint, CVS admits that venue is proper in this court.

**CLASS ACTION ALLEGATIONS**

6. In response to Paragraph 6 of the First Amended Complaint, CVS admits that Plaintiff purports to bring suit as a class action under Fed. R. Civ. P. 23 and that Plaintiff seeks to represent the Class described therein. CVS denies the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7. In response to Paragraph 7 of the First Amended Complaint, CVS denies the allegations contained therein.

8. In response to Paragraph 8 of the First Amended Complaint, CVS admits that the Class Plaintiff purports to represent consists of well over 1,000 individuals. CVS denies the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9. In response to Paragraph 9 of the First Amended Complaint, CVS denies the allegations contained therein.

10. In response to Paragraph 10 of the First Amended Complaint, CVS denies the allegations contained therein.

11. In response to Paragraph 11 of the First Amended Complaint, CVS denies the allegations contained therein.

12. In response to Paragraph 12 of the First Amended Complaint, CVS denies the allegations contained therein.

**FIRST CAUSE OF ACTION**

(Violation of PAGA)

13. In response to Paragraph 13 of the First Amended Complaint, CVS incorporates its responses to Paragraphs 1-13 as set forth above.

14. In response to Paragraph 14 of the First Amended Complaint, CVS denies the allegations contained therein.

15. In response to Paragraph 15 of the First Amended Complaint, CVS denies the allegations contained therein.

16. In response to Paragraph 16 of the First Amended Complaint, CVS denies the allegations contained therein.

1  17. In response to Paragraph 17 of the First Amended Complaint, CVS denies the allegations contained therein.

18. In response to Paragraph 18 of the First Amended Complaint, CVS admits that Plaintiff requests penalties against CVS as provided under Cal. Lab. Code section 2699(f), plus reasonable attorneys' fees and costs.  CVS denies the remaining allegations contained in Paragraph 18 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The First Amended Complaint, and the single alleged cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Exhaust Internal Remedies)**

This Court lacks subject matter jurisdiction over the First Amended Complaint to the extent that Plaintiff and the class she purports to represent failed to exhaust available internal or contractual remedies.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Exhaust PAGA Remedies)**

This Court lacks subject matter jurisdiction over the First Amended Complaint to the extent that Plaintiff failed to exhaust administrative remedies under PAGA.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Satisfy Prerequisites of Class Certification)**

The named Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others as to the single purported cause of action.

**FIFTH AFFIRMATIVE DEFENSE**

**(Individual Questions Predominate)**

The type of claim alleged by the named Plaintiff on behalf of herself and the alleged class, the existence of which is expressly denied, is a matter in which individual questions predominate and, accordingly, is not appropriate for class treatment.

**SIXTH AFFIRMATIVE DEFENSE**

**(Claim Is Not Common or Typical)**

The claim alleged by the named Plaintiff is neither common to nor typical of the claim, if any, of the alleged class Plaintiff purports to represent, the existence of which is expressly denied.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Ascertainable Class)**

The purported class that Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Named Plaintiff Is Not Adequate Representative)**

The First Amended Complaint fails, to the extent it asserts a class action, because the single named Plaintiff is not an adequate representative of the purported class.

**NINTH AFFIRMATIVE DEFENSE**

**(Conflict of Interests)**

Certain of the interests of the proposed class(es) are in conflict with the interests of other proposed class(es) or certain sub-groups of the members of the alleged class(es) of persons which Plaintiff purports to represent, the existence of which is expressly denied.

**TENTH AFFIRMATIVE DEFENSE**

**(Class Action Not Superior Method of Adjudication)**

The alleged claim is barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty – Conclusory Class Allegations)

Plaintiff's claim and the claim of each putative member of the class as set forth in the First Amended Complaint are barred in whole or in part because the purported class definition is uncertain, ambiguous, and conclusory.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claim and the claim of each putative member of the purported class defined in the First Amended Complaint are barred in whole or in part by the applicable statute of limitations, including, but not limited to, the California Code of Civil Procedure sections 340(a).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to assert the claim alleged in the First Amended Complaint either individually or as a class action or representative action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process/Class Certification)

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights under both the United States and California Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

To the extent the claim of the Plaintiff and the class(es) she purports to represent seeks to recover civil penalties that are disproportionate to the actual harm suffered, if any, including but not limited to civil penalties under Labor Code section 2699 *et seq.*, an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)**

Plaintiff, on her own behalf and/or on behalf of any putative member of the purported class defined in the First Amended Complaint, is not entitled to recover any civil penalties because under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

To the extent Plaintiff or any putative members of the purported class defined in the First Amended Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Release Through Prior Settlement Agreement)**

To the extent that Plaintiff or any purported class member entered into any individual settlement agreement, any such individual has released the claim alleged in the First Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

This cause of action is barred by Plaintiff's own unclean hands or by estoppel to the extent Plaintiff consented to and/or actively participated in the conduct which she now alleges constitutes her cause of action.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's claim and the claim of the purported class are barred in whole or in part by the doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's First Amended Complaint is barred in whole or in part by the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Avoid Harm)

Defendant alleges that, at all times alleged in the First Amended Complaint, Defendant exercised reasonable care to prevent and correct any alleged unlawful conduct, and that Plaintiff and putative class members unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant or to otherwise avoid harm.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The monetary claims of Plaintiff and the class she purports to represent are barred, in whole or in part, because Plaintiff and the class she purports to represent have not appropriately or adequately mitigated their alleged damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Constitutional Right to Equal Protection)

An award of penalties against Defendant would be an unconstitutional denial of Defendant's rights to equal protection under both the United States and California Constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Separation of Powers Doctrine)

An award of penalties under PAGA against Defendant would be an unconstitutional violation of the separation of powers doctrine under the California Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

To the extent Plaintiff seeks recovery for alleged injury on behalf of herself or on behalf of the class members she purports to represent, such recovery is barred by California's Workers' Compensation Act under California Labor Code section 2699(k).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Violation of California Labor Code or IWC Wage Orders)**

Defendant denies all assertions of violations of the California Labor Code or California's Industrial Welfare Commission Wage Orders.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Privilege and/or Justification)**

Any recovery on Plaintiff's Complaint, or any claim or purported cause of action alleged therein, is barred because the disputed conduct was privileged and/or justified.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(No Private Right of Action)**

The Complaint is barred because no private right of action exists for violations of the provisions of the Wage Order.

## THIRTIETH AFFIRMATIVE DEFENSE

**(Compliance with IWC Wage Order 7-2001(14))**

Defendant has performed and fully discharged any and all obligations and legal duties to Plaintiff and the members of plaintiff's putative class pertinent to the matters alleged in Plaintiff's First Amended Complaint, including, but not limited to, its duty to provide seats to employees when the nature of their work reasonably permits the use of seats and/or to provide an adequate number of suitable seats in reasonable proximity to the work area for use by employees when the use of seats does not interfere with the performance of employee duties, as required by Industrial Welfare Commission Wage Order 7-2001(14).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

**(No Underpayment)**

Plaintiff and members of the putative class are not entitled to recover penalties pursuant to the Private Attorneys General Act, California Labor Code section 2699 *et seq.*, for violations of Industrial Welfare Commission Wage Order 7-2001 to the extent those alleged violations do not result in an underpayment pursuant to the restrictions articulated in Wage Order 7-2001(20).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Loss Caused and Contributed to by Plaintiff)

If any loss or detriment occurred as alleged in the Complaint, the loss or detriment was caused and contributed to by the actions of Plaintiff.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

The subject matter of Plaintiff's Complaint is within the jurisdiction of a number of state and federal agencies, including, but not limited to, the federal Occupational Safety and Health Administration ("OSHA"), California's Division of Occupational Safety and Health ("Cal-OSHA"), and the California Division of Labor Standards Enforcement ("DLSE") who have special competence in this area and thus, under the doctrine of primary jurisdiction, the Court should withhold any resolution of this dispute until OSHA, Cal-OSHA and/or the DLSE have had opportunity to consider Plaintiff's claims.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by her Complaint;

2. That Plaintiff's Complaint herein be dismissed in its entirely with prejudice;

3. That judgment be entered against Plaintiff and in favor of Defendant;

4. That Defendant recover its costs of suit herein, including reasonable attorneys' fees; and

5. That the Court award such other and further relief as it deems appropriate.


Dated:  September 3, 2010                TIMOTHY J. LONG
                                         MICHAEL D. WEIL
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP


                                              /s/*Michael D. Weil*
                                         ─────────────────────────
                                               MICHAEL D. WEIL
                                             Attorneys for Defendant
                                             CVS PHARMACY, INC.