UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKEYA KILBY,<br><br>            Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>            Defendant. | Civil No. 09-cv-2051-L(CAB)<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL [DOC. 84]** |

      Pending before the Court is Defendant's motion to seal the deposition testimony of Steven Johnson. This testimony is contained in the Declarations of Michael D. Weil in Exhibit 7 for Defendant's opposition to Plaintiff's motion for class certification (Doc. 74), and in Exhibit 3 for Defendant's motion to strike (Doc. 83). In its motion, Defendant indicates that it only filed this motion in order to comply with the protective order after Plaintiff's counsel informed Defendant that it intended to treat the deposition testimony as confidential.

      For the following reasons, the Court **DENIES** Defendant's motion file documents under seal. (Doc. 84.)

//

## I.   ANALYSIS

Two standards generally govern motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standard varies depending on whether the documents are general judicial records or "private materials unearthed during discovery." *Id.* at 678-79.

"[A] 'compelling reasons' standard applies to most judicial records." *Pintos*, 605 F.3d at 677-78. A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 678 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)) (internal quotation marks omitted). This standard derives from the common-law right "to inspect and copy public records and documents, including judicial records and documents." *Id.*; *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978). As long as the particular document is not one that is "traditionally kept secret," the presumption of access "extends to pretrial documents filed in civil cases, including materials submitted in connection with motions for summary judgment." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, this right to access is not absolute. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 678). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

A less burdensome "good cause" standard applies when a party seeks to seal "private materials unearthed during discovery," which are not part of the judicial record. *Pintos*, 605 F.3d at 678. The court applies the lower burden to such documents because "[t]he cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Id.* (citing *Kamakana*, 447 F.3d at 1180).

Under such circumstances, Federal Rule of Civil Procedure 26(c) governs. Rule 26(c) provides that a trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The relevant standard for the purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Furthermore, documents attached to non-dispositive motions must also meet the less burdensome standard under Rule 26(c). *Foltz*, 331 F.3d at 1135 (discussing *Phillips*, 307 F.3d at 1213); *see also Pintos*, 565 F.3d at 1115-16; *Kamakana*, 447 F.3d at 1180.

      Here, the Court is faced with an unusual situation where the party moving to seal documents is in fact the one that does *not* want the documents sealed. Consequently, Defendant does not address in its motion either standard for sealing documents. Defendant merely states that it "does not consider anything in the deposition CONFIDENTIAL and files this motion to seal solely to comply with the Stipulated Protective Order." (Def.'s Mot. 2:14–16 [Doc. 84].) Plaintiff, in its opposition, argues that the Court should grant the motion because it is unopposed.[1] (Pl.'s Opp'n 2:10–11 [Doc. 91].) Though Plaintiff goes on to describe the contents of the documents sought to be sealed, she also fails to address either standard. Finally, in its reply, Defendant opposes *its own motion*, arguing that neither standard is met by Plaintiff.[2] (Def.'s Reply 3:13–20 [Doc. 92].) Ultimately, throughout this procedural anomaly, neither standard for sealing documents has been met by either party, and as a result, sealing the documents here is not warranted at this time.

---

[1] Plaintiff also discusses the treatment of the deposition testimony as confidential. (Pl.'s Opp'n 3:12–4:25.) However, as Defendant correctly points out, this is not an issue before the Court. The issue before the Court is whether the deposition testimony submitted by Defendant should be sealed. Thus, none of the confidentiality issues presented by Plaintiff will be addressed in this order.

[2] Given that Defendant is the moving party, the reply could also be construed as a withdrawal of the motion. However, the Court nonetheless decides the motion on the merits.

## II. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendant's motion to file documents under seal. (Doc. 84.)

**IT IS SO ORDERED.**

DATED: November 16, 2011

M. James Lorenz
United States District Court Judge