TIMOTHY J. LONG (STATE BAR NO. 137591)
tjlong@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

MICHAEL D. WEIL (STATE BAR NO. 209056)
mweil@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendant
CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKEYA KILBY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No. 09 CV 2051 L CAB<br><br>**DECLARATION OF CHRIS BROWN IN SUPPORT OF DEFENDANT IN JOINT MOTION FOR DETERMINATION OF DISPUTE RE: PLAINTIFF'S THIRD SET OF INTERROGATORIES AND FOURTH SET OF DOCUMENT REQUESTS** |

I, Chris Brown, hereby declare as follows:

1. I make this Declaration in support of Defendant CVS Pharmacy, Inc. ("CVS") in the Joint Motion for a Determination of Dispute Regarding Plaintiff's Third Set of Interrogatories and Fourth Set of Document Requests. All of the information set forth herein is based on my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. I currently hold the title of Human Resources Business Partner ("HRBP") for CVS. I have held this position at CVS more than once: from 2009 to 2011, and again since 2012.

3. In my role as an HRBP for CVS, I am responsible for the development and talent assessment of store employees and field management; recruiting and talent acquisition; counseling regarding Human Resources-related matters; and employee relations.

4. It is my understanding that the Plaintiff in this matter has requested particular categories of documents, including: (1) all documents reflecting any request by a Clerk/Cashier within the United States to use a seat or stool in connection with operating a cash register or the performance of their job between June 9, 2008 and the present; (2) all documents reflecting any consideration of a request by a Clerk/Cashier within the United States to use a seat or stool in connection with operating a cash register or the performance of their job at any time between June 9, 2008 and the present; and (3) all documents reflecting any oral or written communications, including email communications, by anyone at CVS concerning the potential use of seats or stools by Clerk/Cashiers in connection with operating a cash register or the performance of their Clerk/Cashier job at any time between June 9, 2008 and the present.

5. To locate "all documents" responsive to any of these requests, CVS would need to identify every document storage system used by every member of every business unit implicated by the particular request. In this case, all three categories of documents would encompass, among other things, requests for seating by every clerk/cashier as a reasonable accommodation. Many requests for reasonable accommodations begin and are resolved at the retail store level where managers retain discretion to decide such requests on their own. However, in responding to a request for reasonable accommodation, managers may email their district or regional supervisors

- 1 -

for guidance. So, in order to accurately capture "all documents" relating to seat requests, CVS would need to look into the email files of every store manager in California since June 9, 2008.

6. CVS currently operates at least 870 store locations in California, since June 2008, has operated approximately 940 if one includes stores that have closed during the same period. Based on a data search, there were approximately 1,900 store managers who worked in a California CVS store during that time frame, meaning CVS would be required to search every email account for those managers to locate the documents Plaintiff seeks. CVS also would need to search the email accounts of the approximately 128 district managers and nineteen (19) regional managers who oversaw California stores during that same period. Since June 2008, CVS employed approximately 35,473 people in the Clerk/Cashier position in California. Accordingly, to find the requested documents, CVS also would need to look into the personnel files for at least 35,473 thousand Clerk/Cashiers in California (many of whom are no longer with the Company) to see if there was ever reference to the use of a seat or a request for a seat in the employees' files.

7. Clerk/Cashiers may also request a reasonable accommodation through CVS' Leave of Absence Department, which maintains separate personnel files for those employees. Based on reasonably reliable data, from January 2011 to the present, the Leave of Absence Department created approximately 500 individual files for retail store employees in California who requested an accommodation that, as classified, may have potentially involved a request for seating. Each of those 500 files would have to be individually reviewed to determine whether it includes any request for seating, and if so, whether the request had been made while the employee held the title of clerk/cashier.

8. In addition, because store managers often escalate accommodation requests through CVS's Human Resources Department, gathering documents to respond to Plaintiff's demands would also require CVS to search through all the email accounts and hard copy files of every CVS human resources employee in the state of California since June 2008. CVS employs one or two human resources professionals per region in California: an Employee Relations Manager, and Human Resources Business Partner. There are six regions in California. California is also broken into two Areas, with a human resources executive assigned to each area. Since

June 2008, CVS has employed approximately seventeen (17) Human Resources Business Partners, thirteen (13) Employee Relations Managers, and two (2) Human Resources Directors in California. This would mean CVS would need to search the files of thirty-two (32) additional employees for references to employees being accommodated with a seat since June 2008.

9. The foregoing chain of investigation for any request involving seating by a Clerk/Cashier is substantially the same, if not identical, throughout the other states in which CVS operates. Accordingly, if Plaintiff insists on "all documents" pertaining to the request or use of a seat by every Clerk/Cashier in the United States since June 2008, CVS would be forced to perform an investigation at an unfeasible scale. This fact cannot be overstated. As a point of comparison, CVS currently operates approximately 9,600 separate retail store locations throughout the United States. CVS also currently employees approximately 240,000 people. An inquiry of the type sought by Plaintiff would involve at least all the Clerk/Cashiers who worked at these stores, the store managers who ran those stores, the district and regional managers who helped oversee them, and the Human Resource Business Partners and Employee Relations Managers who might have helped review a request for seating. This type of an investigation, even if performed under perfect conditions and without delay or conflict with any other concurrent project, would take at least a year to complete.

10. It is also my understanding that Plaintiff seeks the names and contact information of every California retail store employee who has operated a register while holding the title Clerk/Cashier at some point since June 9, 2008. CVS does not retain records that would allow it to determine whether a Clerk/Cashier has operated a register.

//
//
//
//
//
//
//

- 3 -

11. Finally, it is also my understanding that Plaintiff has requested that CVS assist in conducting a survey in which store managers across California would answer a questionnaire about checkout stands in the front-end of the store, take certain measurements with a tape measure, and take sample photos of the stations. CVS, however, does not provide cameras and tape measures to all of its store managers, which means that CVS would need to purchase these items for all store managers to do this project.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct. Executed this 12th day of December, 2016.

CHRIS BROWN

- 4 -