TIMOTHY J. LONG (STATE BAR NO. 137591)
tjlong@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

MICHAEL D. WEIL (STATE BAR NO. 209056)
mweil@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendant
CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKEYA KILBY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No. 09 CV 2051 L CAB<br><br>**DECLARATION OF MICHAEL D. WEIL IN SUPPORT OF DEFENDANT IN JOINT MOTION FOR DETERMINATION OF DISPUTE RE: PLAINTIFF'S THIRD SET OF INTERROGATORIES AND FOURTH SET OF DOCUMENT REQUESTS** |

I, Michael D. Weil, hereby declare as follows:

1. I am an active member of the State Bar of California and attorney with Orrick, Herrington & Sutcliffe LLP, counsel for Defendant CVS Pharmacy, Inc. ("CVS") in this case. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. During the initial phase of discovery for this case, Plaintiff sought and obtained extensive discovery from CVS. In relevant part, Plaintiff received approximately (1) 1,700 pages of documents, including documents reflecting some of the checkout station designs used in some CVS California stores; (2) Interrogatory responses regarding the responsibilities, duties and expectations of the Clerk/Cashier position; (3) job descriptions, operations manuals, and training manuals; (4) documents specific to Plaintiff's employment (including time punch report and personnel file); and (5) policies and related forms. Furthermore, Plaintiff received a sampling of cash stand designs from a cross-section of stores throughout California (*e.g.*, stores in Santa Clara, Los Angeles, Santa Clara, Chico, Rancho Cordova, Red Bluff, Solana Beach, Walnut Creek, Rohnert Park, and so on), which includes photographs and dimensions of checkout stations. Attached hereto as **Exhibit A** is a true and correct copy of the Declaration of Mitch Ferguson containing the foregoing sampling of stores, and which had been previously filed with this Court in support of Defendant's Opposition to Plaintiff's Motion for Class Certification.

3. Plaintiff also received access to a significant proportion of the class. On April 19, 2011, the Parties agreed to undergo a *Belaire-West* notice procedure in which CVS would provide the names and contact information for a random sample of employees comprising of up to 20% of the putative class members. In connection with the *Belaire-West* procedure, CVS submitted a list comprising of 3,493 putative class members whose contact information would be disclosed to Plaintiff by default if they did not opt out of being contacted by Plaintiff.

4. During that first phase of discovery, Plaintiff also took nine depositions of company representatives at varying levels of the company with regard to a broad range of topics:

    a. CVS's Vice President of Store Operations (Hank Casillas);

    b. CVS's Area Human Resources Director for Area 18 (Sandy Reynoso). Area

- 1 -

1     18 encompassed Northern California and south to approximately Bakersfield;

    c.    A CVS Employee Relations Manager (Pamela Larrabee);

    d.    Two CVS Regional Managers (Ken Mahoney and Doug Palmieri);

    e.    A CVS Store Manager (Doug Leibelt);

    f.    Corporate representative depositions pursuant to FRCP 30(b)(6) regarding more than 20 different topics. These topics were handled by: (a) CVS's Manager of Store Layout and Design; (b) CVS's Director of Environmental Health & Safety; and (c) CVS's Manager of Training and Development. The topics included:

        i.    CVS's expectations regarding the physical job requirements of the Clerk/Cashier position, particularly ergonomics and safety issues;

        ii.    The organizational structure of CVS

        iii.    Job duties, responsibilities, and activities of Clerks/Cashiers;

        iv.    The amount of time, on average, that employees operate the cash register;

        v.    Facts and circumstances surrounding any situation in which a Clerk/Cashier operated a cash register from a seated position;

        vi.    The physical layout of CVS retail stores, including different cash register stations;

        vii.    CVS' policies and procedures concerning the operation of a cash register;

        viii.    Training provided to employees regarding operation of a cash register;

        ix.    Any studies or job analyses concerning operation of a cash register; and

        x.    Plaintiff's employment, job performance, job duties, and responsibilities

5.    Employee Relations Manager Pamela Larrabee was deposed on May 18, 2011. Attached hereto as **Exhibit B** is a true and correct copy of an excerpt from her deposition transcript.

6.    In this secondary phase of the case following the Court's earlier denial of class certification, Plaintiff has demanded an even broader scope of discovery. In late September 2016, Plaintiff served her Third Set of Interrogatories and Fourth Set of Requests for Production of Documents. CVS promptly began its investigation as to the type of documents and information that would potentially be responsive. During that timeframe, counsel for the Parties engaged in

- 2 -

several meet and confers. Few compromises were reached during those calls, particularly because Plaintiff kept refusing CVS's offer to compromise on Plaintiff's store-related requests by providing additional sampling of information from the stores. In addition, during those calls, Plaintiff's counsel Kevin McInerney explained that Plaintiff's purpose in seeking the names of former CVS store managers was to obtain "dirt" he might not otherwise be able to obtain.

7. On December 7, 2016, CVS produced additional documents responsive to Plaintiff's Third Set of Interrogatories and Fourth Set of Requests for Production of Documents, as well as supplemented responses to Plaintiff's earlier discovery requests. Included among the 1,820 pages of documents were: a list of stores with addresses and phone numbers; updated policies and procedures; an updated employee handbook; employee orientation materials; CVS Code of Conduct guides; register training documents; and floor plans and diagrams of more than 130 stores marked "CONFIDENTIAL." Attached as **Exhibit C** are true and correct copies of three exemplar floor plans from that production (CVS003432, CVS003430, CVS003433).

8. On December 12, 2016, CVS will be producing a supplemental set of documents responsive to Plaintiff's Third Set of Interrogatories and Fourth Set of Requests for Production. It includes a compilation of identified instances in which an employee had requested a seat in connection with a request for reasonable accommodation.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct. Executed this 12 day of December, 2016

MICHAEL D. WEIL

- 3 -