

FILED
APR 19 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKEYA KILBY, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br>v.<br>CVS PHARMACY, INC.,<br>         Defendant. | Case No.: 09cv2051-MMA(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTES (PLAINTIFF'S FOURTH SET OF INTERROGATORIES AND DOCUMENT REQUESTS)**<br><br>[Doc. No. 160-163.] |

  Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. Nos. 160-163.] In the Joint Motion, plaintiff seeks an order compelling defendant to provide further responses to her Fourth Set of Interrogatories and Requests for Production of Documents. For the reasons outlined more fully below, the Court finds that plaintiff's request for an order compelling further responses to these discovery requests must be GRANTED in part and DENIED in part.

## *Background*

  The original Class Action Complaint in this case was filed on September 18, 2009. [Doc. No. 1.] A First Amended Class Action Complaint was later filed on January 15, 2010 (the "First Amended Complaint"). [Doc. No. 6.] The First Amended Complaint

includes a single cause of action under California Labor Code Section 2698 *et seq.*, also known as the Private Attorney General Act of 2004 ("PAGA"). [Doc. No. 6, at p. 2.] According to the First Amended Complaint, PAGA allows employees to recover penalties when an employer violates certain provisions of the California Labor Code. [Doc. No. 6, at p. 5.] California Labor Code Section 1198 requires employers to comply with wage orders. Section 14(a) of Wage Order 7-201 states that: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." [Doc. No. 6, at p. 5.] In this regard, plaintiff alleges that Section 14(a) applies to the "mercantile industry" and that defendant is a member of the "mercantile industry." [Doc. No. 6, at p. 4.] Plaintiff claims she was employed in one of defendant's retail drug stores in California as a cashier but was not provided with a seat while performing her work in violation of California Labor Code Section 1198 and Section 14(a) of Wage order 7-2001. [Doc. No. 6, at p. 2.]

On October 3, 2001, plaintiff filed a Motion for Class Certification. [Doc. No. 63.] On April 4, 2012, the District Court denied plaintiff's Motion for Class Certification, concluding that plaintiff failed to satisfy the commonality requirement of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3). [Doc. No. 131, at p. 10.][1]

Next, defendant filed Motion for Summary Judgment [Doc. No. 113], which was granted by the District Court on May 31, 2012. [Doc. No. 136.] It was the District Court's view that Section 14(a) did not apply to plaintiff's position of cashier, because

---

[1] Defendant also filed a Motion to Strike the Pre-Certification Report of plaintiff's expert based on lack of foundation, inadequate data, irrelevant facts, suspect observations, and erroneous assumptions. [Doc. No. 83.] In its Order of April 4, 2012, the District Court granted in part and denied in part defendant's Motion to Strike. [Doc. No. 131, at p. 1.] Although the District Court acknowledged that the challenged report included generally "shaky" evidence, it found that, for the most part, it withstood scrutiny under Federal Rule of Evidence 702. [Doc. No. 131, at p. 5.]

the "nature of the work" required standing. [Doc. No. 136, at p. 10.] Judgment was entered in favor of defendant, and the case was terminated. [Doc. No. 136, at p. 10.] Plaintiff appealed. [Doc. No. 139.]

To prevent different interpretations of Section 14, the Ninth Circuit requested that the California Supreme Court exercise its discretion to decide the following questions about the meaning of Section 14(a). [Doc. No. 147, at pp. 1-14.]

> 1. Does the phrase 'nature of the work' refer to an individual task or duty that an employee performs during the course of his or her workday, or should courts construe 'nature of the work' holistically and evaluate the entire range of an employee's duties?
>
>     a. If the courts should construe 'nature of the work' holistically, should the courts consider the entire range of an employee's duties if more than half of an employee's time is spent performing tasks that reasonably allow the use of a seat?
>
> 2. When determining whether the nature of the work 'reasonably permits' the use of a seat, should courts consider any or all of the following: the employer's business judgment as to whether the employee should stand, the physical layout of the workplace, or the physical characteristics of the employee?
>
> 3. If an employer has not provided any seat, does a plaintiff need to prove what could constitute 'suitable seats' to show the employer has violated Section 14(a)?

[Doc. No. 147, at pp. 2-3.]

On April 14, 2016, the California Supreme Court issued a decision entitled *Kilby v. CVS Pharmacy, Inc.*, 63 Cal.4th 11 (2016). Considering the phrase "nature of the work," the California Supreme Court rejected the defendant's argument that Section 14(a) requires "weighing all of an employees' 'standing' tasks against all of the 'sitting' tasks" while ignoring the duration of those tasks and how often they are performed. *Id.* at 16-17. Rather, the California Supreme Court said the inquiry must focus on "consideration of the overall job duties performed at the particular location by *any* employee while

working there, and whether those tasks reasonably permit seated work." *Id.* at 17. In other words, the California Supreme Court rejected an "all-or-nothing approach [that] could deprive an employee of a seat because most of his job duties are classified as 'standing' tasks, even though the duration, frequency, and location of the employee's most common tasks would make seated work feasible while performing them." *Id.* According to the California Supreme Court, "[t]here is no principled reason for denying an employee a seat when he spends a substantial part of his workday at a single location performing tasks that could reasonably be done while seated, merely because his job duties include other tasks that must be done standing." *Id.*

The California Supreme Court also held that a "totality of the circumstances" approach should be applied to determine whether the nature of the work "reasonably permits" the use of a seat. *Id.* at 19. "Analysis begins with an examination of the relevant tasks, grouped by location, and whether the tasks can be performed while seated or require standing. This task-based assessment is also balanced against considerations of feasibility. Feasibility may include, for example, an assessment of whether providing a seat would unduly interfere with other standing tasks, whether the frequency of transition from sitting to standing may interfere with the work, or whether seated work would impact the quality and effectiveness of overall job performance. This inquiry is not a rigid quantitative analysis based merely upon the counting of tasks or amount of time spent performing them. Instead, it involves a qualitative assessment of all relevant factors." *Id.* at 20. Other relevant factors may include the employer's business judgment based on an objective standard (*e.g.*, "an employer's reasonable expectations regarding customer service" and "any evidence submitted by the parties bearing on an employer's view that an objective job duty is best accomplished standing"); and "the physical layout of a workspace." *Id.* at 21-22.

On June 8, 2016, the Ninth Circuit issued a Memorandum decision reversing and remanding the case to the District Court "to reconsider in light of the California Supreme Court's opinion." [Doc. No. 155, at p. 2.] Thereafter, this Court directed the parties to

submit a Joint Discovery Plan and appear for a Case Management Conference. [Doc. No. 153.] Following a telephonic Case Management Conference, a Scheduling Order was issued to allow the parties additional time to complete or update class-related discovery and to file any motions related to class certification. [Doc. No. 159.] The instant Joint Motion is one of three discovery disputes currently before the Court. [Doc. Nos. 160, 167, and 178.]

### Discussion

***Plaintiff's Interrogatory Nos. 17, 18, 19, 20, and 21*** all seek information related to the cashier stands at defendant's stores. In these requests, plaintiff seeks to elicit information to support her theory that defendant's stores in California "share similar cash register layouts." [Doc. No. 160, at p. 9.] As to all of defendant's stores in California that have been open since June 9, 2008[2] to the present and as to all cash registers in those stores, plaintiff seeks a detailed description of the following: the cashier stands and configurations [No. 17]; the physical dimensions of the workspaces behind and around the cash registers and why those physical dimensions preclude the use of a seat or stool [No. 18]; the unique attributes of the register stands that impact or preclude the use of a seat or stool [No. 19]; the distances between the check-out stands and the product wall [No. 20]; and the identity of any store where defendant contends it

---

[2] Defendant objects to providing discovery beginning on June 9, 2008, arguing that "the relevant time period begins on September 18, 2008, one year preceding the date that plaintiff filed her original complaint." [Doc. No. 160, at p. 8.] However, plaintiff argues that under California Labor Code 2699.3 the statute of limitations extends back to one year before she served her "original pre-litigation PAGA notice." [Doc. No. 160, at p. 2.] In the context of resolving a discovery dispute, the applicable statute of limitations is not properly before the Court. However, the Court finds that plaintiff reasonably seeks discovery beginning on June 9, 2008, one year before she "filed her pre-filing PAGA notice pursuant to [California] Labor Code § 2699.3." [Doc. No. 160-1, at p. 2.] Accordingly, for purposes of discovery in this action, the Court finds that the relevant time period is June 9, 2008 through the present.

5

09cv2051-MMA(KSC)

would be physically possible or impossible to use a seat or stool while operating the cash registers. [Doc. No. 160, at pp. 7-19.]

As defendant contends, Interrogatory No. 17, 18, 19, 20, and 21 are all unduly burdensome and overly broad. In California, defendant currently has about 870 stores. If closed stores are added to this calculation, defendant has had approximately 940 stores in California during the relevant time period. Assuming a minimum of four cash stands in each store, plaintiff's interrogatories seek detailed information about some 3,480 cash stands. [Doc. No. 160, at pp. 12-17.] In addition, the stores vary in size, layout, and configuration, due in part to the acquisition of a significant number of stores from other retail companies, and defendant does not maintain the records necessary to respond to the level of detail plaintiff seeks. [Doc. No. 160, at p. 13.]

Plaintiff proposed an e-mail procedure to collect the information requested in these interrogatories. The proposed procedure would require store managers in all of defendant's 870 stores in California to describe, photograph, and measure some 3,480 register stations. [Doc. No. 160, at pp. 11-12.] However, the Court agrees with defendant that this store-by-store procedure is too burdensome, too expensive, and unworkable. The managers are not trained about cash station design and are not familiar with any standards or terminology that could be used to make the results accurate or reliable. As defendant contends, there is no guarantee that the managers would all consistently measure, photograph, and describe the same things so that the parties could rely on the information they provide. [Doc. No. 160, at p. 15.] To obtain accurate, consistent information, defendant would have to send someone to all of the stores and this would not only be very expensive, it "would take months of effort." [Doc. No. 160, at p. 14.]

It also appears that these interrogatories seek information that is disproportional to the needs of the case. At this point in the litigation, plaintiff seeks this vast amount of information in connection with two issues related to class certification (commonality and predominance). Without more, there is nothing to indicate plaintiff actually needs all of

the requested information about each of defendant's stores and cash registers in order to adequately support its theory that "CVS stores share similar cash register layouts." [Doc. No. 160, at p. 9.] Under the circumstances presented, it appears that an adequate sampling would be sufficient. Accordingly, the Court will not require defendant to provide the information requested in these interrogatories for all of defendant's stores in California. Without more, information about a representative sample of stores is sufficient under the circumstances.

Additionally, it is apparent that some of the information sought in these interrogatories is duplicative of discovery already made available to plaintiff. For example, defendant previously provided plaintiff with photographs and measurements of the "cash wraps" in 20 stores in different locations throughout the state. [Doc. No. 160, at p. 14.] Plaintiff rejected defendant's offer to provide similar information for additional stores. [Doc. No. 160, at p. 14.] As of the date the parties' Joint Motion was filed, defendant also represented it had produced "132 store layouts" that offer "a bird's eye view" of each of these stores. [Doc. No. 160, at p. 14.]

As to Interrogatory Nos. 18 and 19, seeking the unique attributes and physical dimensions of the workspaces behind and around the cash registers that allegedly preclude the use of a seat or stool, defendant previously identified some examples based on sampling and witness testimony. [Doc. No. 160, at p. 19.] Although defendant offered to provide more examples based on additional sampling, plaintiff declined and insisted on a store-by-store analysis of all California stores. [Doc. No. 160, at p. 19.]

Plaintiff objects to the information already produced for two main reasons. First, plaintiff contends that the diagrams previously produced showing cash register configurations at 20 stores are out of date, because they were produced in response to discovery requests served in 2011 "as of that date." [Doc. No. 160, at p. 11.] Second, plaintiff alleges that defendant "cherry picked" the stores to support its version of the facts (*i.e.*, that there are many types of cashier stands and configurations at its stores). [Doc. No. 160, at p. 12.]

While defendant has offered to provide additional sampling and to update the information previously produced [*see, e.g.*, Doc. No. 160, at p. 8], plaintiff has not offered to narrow the scope of Interrogatory Nos. 17, 18, 19, 20, and 21. The Court expects a party seeking discovery to attempt to narrow the scope of broadly worded requests during meet and confer sessions and to discuss any such efforts in any moving papers seeking an order compelling further responses. Since it appears that plaintiff did not attempt to narrow the scope of these requests, it is difficult for the Court to determine the size of an adequate sampling.[3]

Based on the foregoing, the Court finds that defendant's request for an order compelling defendant to provide full and complete responses to Interrogatory Nos. 17, 18, 19, 20, and 21, as worded, must be DENIED. However, if plaintiff provides defendant with a list of twenty (20) additional, randomly selected stores in California, the Court will require defendant to provide plaintiff with full and complete responses to these interrogatories as to the 20 (twenty) stores selected by plaintiff and as to the previous sample of 20 (twenty) stores selected by defendant. To the extent defendant has already disclosed this information about the previous sample of 20 (twenty) stores, defendant need only provide updated information to show any change since the prior production.

***Plaintiff's Interrogatory No. 23*** seeks the identity of "each Clerk/Cashier who was employed in California at any time between June 9, 2008 and the present who operated a front-end cash register for at least one pay period during that time." [Doc. No. 160, at p.

---

[3] "Particularly when a party stands on an overly broad request and does not make a reasonable attempt to narrow it or to explain the need for such a broad range of documents and/or information, the Court will not 'rewrite a party's discovery request to obtain the optimum result for that party. That is counsel's job.' [Citation omitted.]" *Sanchez Ritchie v. Energy*, No. 10cv1513-CAB(KSC), 2015 WL 12914435, at p. 3 (S.D. Cal., March 30, 2015), quoting *Bartolome v. City and County of Honolulu*, No. CIV. 06-00176SOMLEK, 2008 WL 2736016, at *14 (D. Hawaii, July 14, 2008).

8

09cv2051-MMA(KSC)

24.] As worded, this interrogatory is overly broad and unduly burdensome. Defendant represents that it has employed approximately 35,374 clerk/cashiers in its California stores since September 2008 and does not retain records to readily identify individuals who actually operated a cash register. Some employees classified as "clerk/cashiers" do not operate a cash register during their employment. As a result, an individualized inquiry would be necessary to provide this level of detail. [Doc. No. 160, at p. 26.] Under these circumstances, the Court will not require defendant to conduct an individualized inquiry to specifically identify individuals "who operated a front-end cash register." [Doc. No. 160, at p. 24.]

Interrogatory No. 23 is also duplicative and cumulative in that defendant previously provided plaintiff with names/contact information for about 3,500 putative class members. At the time this information was disclosed, the putative class had about 17,000 members and the 3,500 individuals identified at that time represented about 20 percent of all putative class members. [Doc. No. 160, at p. 26.] Now, "[p]laintiff is willing to limit her request to Clerk/Cashiers who *first* became employed by [defendant] in California at any time after April 20, 2011 (the date of [defendant's] prior disclosure)." [Doc. No. 160, at p. 26 (emphasis added).] Plaintiff has not explained why the information already disclosed is insufficient. For example, plaintiff has not indicated that defendant's policies with regard to the use of seating/stools has changed since 3,500 individuals were identified in 2011. Nor has plaintiff explained why she seeks the identity of ___all___ clerk/cashiers employed any time after April 20, 2011 rather than offering to narrow the scope of this request to a representative sample. As noted above, the Court expects a party seeking discovery to attempt to narrow the scope of broadly worded requests during meet and confer sessions and to discuss any such efforts in any moving papers seeking an order compelling further responses. Accordingly, the Court declines to rewrite this request for plaintiff's benefit.

Based on the foregoing, the Court finds that plaintiff's request for an order compelling defendant to provide a further response to this request as worded must be

9

DENIED. However, the Court will require defendant to update the prior production with a representative sample of the identities of clerk/cashiers who first became employed in California stores after April 20, 2011. Defendant shall update its prior production by identifying 20 percent of all clerk/cashiers in California stores who first became employed after April 20, 2011 (the date of defendant's prior disclosure).

***Interrogatory No. 24*** seeks the identification of "each store management employee (including without limitation Store Manager, Store Manager in Training, Operations Manager, of Shift Supervisor) who was employed in California at any time between June 9, 2008 and the present and *who is no longer employed by CVS*." [Doc. No. 160, at p. 28 (emphasis added).] Plaintiff has requested this information because she believes defendant's former management employees have discoverable information as to whether cashiers have ever used seats and/or could operate a cash register while seated. [Doc. No. 160, at p. 29.] However, citing a number of declarations previously filed in this litigation, plaintiff states that she already "knows from her investigation that some Clerk/Cashiers were allowed to sit while checking out customers." [Doc. No. 160, at p. 29.]

Defendant is concerned that this is an overly broad "fishing expedition" and that plaintiff's "true intent" is to discover "dirt" to use against defendant. [Doc. No. 160, at pp. 30-31.] As it must, defendant also legitimately raises concerns about the privacy of third parties. [Doc. No. 160, at pp. 30-31.] Plaintiff has not explained why she needs additional discovery of this type or why she specifically seeks this type of discovery from defendant's *former* management employees. As defendant contends, "[p]laintiff does not offer any reason why former managers would have more or specialized relevant information regarding the use/potential use of seats in their stores than [defendant's] current mangers or putative class members." [Doc. No. 160, at p. 30.] Nor does this avenue of discovery appear to be proportional to the needs of the case, particularly when far less burdensome and intrusive means are available to test plaintiff's theory of the case, such as a Rule 30(b)(6) deposition of a *current* manager deemed by the

corporation to be knowledgeable on this topic. In this regard, the Court notes that plaintiff has already taken a Rule 30(b)(6) deposition of a corporate representative about the "[f]acts and circumstances surrounding any situation in which a Clerk/Cashier operated a cash register from a seated position." [Doc No. 160, at p. 5.] For all of these reasons, the Court finds that plaintiff's request for an order compelling defendant to provide a further response to Interrogatory No. 24 must be DENIED.

***Interrogatory No. 25*** states as follows: "Identify each Clerk/Cashier ***anywhere in the United States*** who, at any time between June 9, 2008 and the present, used a seat or stool while operating the cash register." [Doc. No. 160, at p. 31 (emphasis added).] As plaintiff contends, the requested discovery is relevant to plaintiff's theory of the case. However, defendant contends that this interrogatory is unduly burdensome and "[overly broad] in geographical scope," because "[p]laintiff's class action is only about California's stores" and defendant has some 9,600 stores in the United States. [Doc. No. 160, at p. 33.] Accordingly, for these reasons, the Court will not require defendant to disclose information about store employees outside California.

Plaintiff's understanding "from interviews with Clerk/Cashiers in 2011 [is] that they were allowed to use seats if they provided medical evidence such as a doctor's note." [Doc. No. 160, at p. 32.] Defendant did provide a supplemental response to this interrogatory "which includes a general description of instances where a California retail employee requested the use of a seat for a disability accommodation." [Doc. No. 160, at p. 33.] However, this response does not address the broader question implied in this interrogatory. Plaintiff is entitled to pursue her theory of the case and to discover the full extent of circumstances when clerk/cashiers in California stores used a seat or stool while operating the cash register, regardless of whether a medical condition was the reason for the use of a chair or stool while cashiering.

According to plaintiff, defendant could compile a complete response to this interrogatory by "simply send[ing] out an e-mail to its store managers and ask[ing] them to identify Clerk/Cashiers who used seats" while operating a cash register during the

11

relevant time period. [Doc. No. 160, at pp. 32-33.] Defendant does not argue that it would be unreasonably difficult and burdensome to obtain this information from its California stores by e-mail.

Although defendant also raised the privacy interests of putative class members who might be identified in response to this request, the Court has no reason to believe these interests would not adequately be addressed by the stipulated Protective Order that is already in place to govern the exchange of confidential information. [Doc. No. 62.] Based on the foregoing, the Court finds that plaintiff's request for an order compelling defendant to provide plaintiff with a further response to Interrogatory No. 25, as worded, must be DENIED. However, subject to the confidentiality provisions of the Protective Order [Doc. No. 62] and for the reasons outlined above, the Court will require defendant to identify all clerk/cashiers in its California stores that have used or are using a seat or stool while operating a cash register from June 9, 2008 to the present.

***Document Request No. 41*** seeks production of "documents sufficient to show the amount of workspace behind or around the registers at each CVS store in California between June 9, 2008 and the present, including without limitation all floor plans, schematics, design documents, and drawings containing that information." [Doc. No. 160, at p. 34.] This document request is related to plaintiff's Interrogatory Nos. 17, 18, 19, 20, and 21, discussed above, which seek information related to the cashier stands at defendant's stores in California. For example, Interrogatory No. 18 specifically seeks to discover the physical dimensions of the workspaces behind and around the cash registers at all of defendant's stores in California and why those physical dimensions preclude the use of a seat or stool. For the reasons outlined above in the discussion of Interrogatory Nos. 17, 18, 19, 20, and 21, this document request is overly broad and unduly burdensome. Therefore, the Court finds that defendant's request for an order compelling defendant to provide a further response to this request as worded is DENIED. However, to the extent available and to the extent it has not already done so, the Court will require defendant to provide plaintiff with floor plans, schematics, design documents, and

12

09cv2051-MMA(KSC)

drawings showing the workspace behind or around the registers for the representative sample of stores identified in the discussion above concerning Interrogatory Nos. 17, 18, 19, 20, and 21.

***Request for Production No. 43*** seeks "[a]ll documents reflecting any request by a Clerk/Cashier *anywhere in the United States* to use a seat or stool in connection with operation of a cash register or the performance of his or her job at any time between June 9, 2008 and the present. [Doc. No. 160, at p. 37 (emphasis added).] ***Request for Production No. 44*** seeks "[a]ll documents reflecting any consideration of a request by a Clerk/Cashier *anywhere in the United States* to use a seat or stool in connection with the operation of a cash register or the performance of his or her job at any time between June 9, 2008 and the present. [Doc. No. 160, at p. 39 (emphasis added).] ***Request for Production No. 45*** seeks "[a]ll documents reflecting any oral or written communications, including e-mail communications, *by or between anyone at CVS* concerning the use or potential use of seats or stools by Clerk/Cashiers in connection with the operation of a cash register or the performance of the Clerk/Cashier job at any time between June 9, 2008 and the present." [Doc. No. 160, at p. 40 (emphasis added).]

These interrogatories are unduly burdensome and overly broad in geographical scope, because "[p]laintiff's class action is only about California's stores" and defendant has some 9,600 stores in the United States. [Doc. No. 160, at p. 33.] Therefore, the Court will not compel defendant to produce any documents responsive to these requests as to stores outside California.

According to plaintiff, clerk/cashiers with temporary medical conditions, such as an injury or pregnancy, were provided with a seat to use while working at the cash register in response to a doctor's note. [Doc. No. 160, at pp. 37-38.] Plaintiff argues that defendant should be ordered to conduct a diligent search and produce all responsive documents with any sensitive medical information redacted. However, plaintiff argues that the employee names and store locations in any such documents should not be redacted. [Doc. No. 160, at p. 38.]

Even if these requests are limited to defendant's 870 stores in California, they are still unduly burdensome, overly broad, and duplicative of other discovery. First, in response to Interrogatory No. 25, discussed above, defendant previously provided "a general description of instances where a California retail employee requested the use of a seat for a disability accommodation." [Doc. No. 160, at p. 33.] Second, as outlined above in the discussion of Interrogatory No. 25, the Court is already requiring defendant to identify all clerk/cashiers in its California stores from June 9, 2008 to the present who have used or are currently using a seat or stool while operating a cash register. Third, defendant produced records from a Human Resources database showing requests for seat accommodations and describing instances where a California retail employee requested the use of a seat. [Doc. No. 160, at p. 39.] Fourth, defendant made a corporate witness (an Employee Relations Manager) available for deposition to testify about responses she received after she sent an e-mail to colleagues asking whether they ever received a request for a seat. [Doc. No. 160, at p. 42.] Fifth, to locate any further responsive documents would require defendant to search "through thousands upon thousands of emails and documents." [Doc. No. 160, at p. 39.] Given the extent of documents and information already produced on this topic and the information that will be produced in response to Interrogatory No. 25, the Court finds that the burden and expense of any further discovery in response to these requests "outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). Finally, plaintiff has not explained why the discovery that has already been produced on this subject matter is insufficient.

Without more, and under the circumstances presented, the Court finds that defendant provided satisfactory responses to Document Request Nos. 43, 44, and 45. The Court will not order a more extensive and costly search for additional documents, particularly when defendant has already produced relevant documents that appear to be sufficient under the circumstances and will be identifying all clerk/cashiers who have

///

///

used a seat or stool in California stores in response to Interrogatory No. 25. In sum, the Court finds that plaintiff's request for an order compelling defendant to provide further responses to Document Request Nos. 43, 44, and 45 must be DENIED.

***Request for Production No. 46*** seeks "[a]ll documents reflecting any attempt by [defendant] to comply with Section 14(A) of the wage order, including without limitation any analysis by [defendant] whether the nature of cashiering work reasonably permits the use of a seat, whether the existing workstations could be modified to accommodate seats, and/or what type of seat may be suitable." [Doc. No. 160, at p. 42.] The Court agrees with plaintiff that Document Request No. 46 is a "fair question." [Doc. No. 160, at p. 43.]

Plaintiff claims that defendant has not produced any documents in response to this request. [Doc. No. 160, at p. 44.] Defendant represented in the Joint Motion that to the best of its knowledge "at this time, no documents exist specific to this request that have not already been produced. . . . Plaintiff's motion is moot as to this request." [Doc. No. 160, at p. 44.] Accordingly, the Court finds that plaintiff's request for an order compelling defendant to provide a further response to this request must be DENIED.

***Request for Production No. 49*** seeks "[d]ocuments sufficient to show the identity or identities of the manufacturer(s) of the front end cash register stations at CVS stores in California." [Doc. No. 160, at p. 44.] Plaintiff claims that defendant has not produced any responsive documents. [Doc. No. 160, at p. 45.] Defendant states that it has "agreed" to produce all responsive, non-privileged documents and argues that the issue is moot. Defendant's response is ambiguous, because it has only stated that it has "agreed" to produce all responsive, non-privileged documents. It is therefore unclear whether defendant has actually produced all responsive, non-privileged documents or whether defendant is withholding any documents as privileged. To eliminate this ambiguity, the Court will require plaintiff to provide defendant with a declaration by counsel or a knowledgeable corporate representative of defendant clarifying that all responsive, non-privileged documents have been produced or that no responsive

documents were located during a diligent search. To the extent defendant is withholding any documents based on a claim of privilege, defendant must "expressly make the claim" by providing plaintiff with a suitable privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

***Request for Production No. 51*** seeks "[a]ll documents supporting any contention by [defendant] that the nature of the work of operating a cash register at CVS does not permit the use of a seat." [Doc. No. 160, at p. 45.] Defendant states that it has "agreed" to produce all responsive, non-privileged documents and argues that the issue is moot. However, defendant's response is ambiguous. Based on the information provided, it is unclear whether defendant has actually produced all responsive, non-privileged documents. Nor is it clear whether defendant is withholding any documents as privileged. To eliminate this ambiguity, the Court will require plaintiff to provide defendant with a declaration by counsel or a knowledgeable corporate representative of defendant clarifying that all responsive, non-privileged documents have been produced or that no responsive documents were located despite a diligent search. To the extent defendant is withholding any documents based on a claim of privilege, defendant must also "expressly make the claim" by providing plaintiff with a suitable privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

***Request for Production No. 52*** seeks "[a]ll documents supporting any contention by CVS that there is no 'suitable seat' that a person operating the cash register at CVS could use." [Doc. No. 160, at p. 47.] As worded, Document Request No. 52 is overly broad on its face and appears to require a very expensive, time-consuming search. As defendant contends, the request is written so broadly that it could be interpreted to require defendant "to analyze each of its 3,480+ cash register stands to determine if it has documents about whether a 'suitable seat' is feasible at that location." [Doc. No. 160, at p. 48.]

Plaintiff has not offered to narrow the scope of this request. Nor has plaintiff explained the need for requesting such a broad range of documents. Once again, the

Court expects a party seeking discovery to attempt to narrow the scope of broadly worded requests during meet and confer sessions and to discuss any such efforts in any moving papers seeking an order compelling further responses. The Court declines to rewrite the request for plaintiff's benefit. In other words, the Court finds that plaintiff's request for an order compelling defendant to provide a further response to Document Request No. 52 as worded must be DENIED.

Defendant has agreed to search for responsive documents from the store where plaintiff was employed rather than for all stores or all 3,480+ cash register stands and says it "will produce" any responsive documents. [Doc. No. 160, at p. 48.] Defendant's response to this request is reasonable under the circumstances, but it is unclear from the Joint Motion whether defendant has completed a search as agreed or whether any responsive documents were found and produced. To eliminate this uncertainty, the Court will require defendant to provide plaintiff with a declaration by counsel or a knowledgeable corporate representative of defendant clarifying that as to the store where plaintiff was employed all responsive, non-privileged documents have been produced or that no responsive documents were located despite a diligent search. To the extent defendant is withholding any documents based on a claim of privilege, defendant must also "expressly make the claim" by providing plaintiff with a suitable privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request in the parties' Joint Motion [Doc. No. 160] for an order compelling defendant to provide further responses to certain interrogatories and requests for production of document is GRANTED in part and DENIED in part. IT IS FURTHER ORDERED that:

1. Plaintiff's request for an order compelling defendant to provide further responses to Interrogatory Nos. 17, 18, 19, 20, and 21, as worded, is DENIED. However, if plaintiff provides defendant with a list of twenty (20) additional, randomly selected stores in California ***within ten (10) days of the date this Order is issued***,

defendant is ordered to provide plaintiff with full and complete responses to these interrogatories as to the 20 (twenty) stores selected by plaintiff and as to the previous sample of 20 (twenty) stores selected by defendant. To the extent defendant has already disclosed this information about the previous sample of 20 (twenty) stores, defendant need only provide updated information to show any change since the prior production.

2. Plaintiff's request for an order compelling defendant to provide a further response to Interrogatory No. 23, as worded, is DENIED. However, defendant is ordered to update its prior production with a representative sample of clerk/cashiers who first became employed in California stores after April 20, 2011. Defendant shall update its prior production by identifying 20 percent of all clerk/cashiers in California stores who first became employed after April 20, 2011 (the date of defendant's prior disclosure). The method for identifying any such clerk/cashiers shall be the same as for the prior production on April 20, 2011.

3. Plaintiff's request for an order compelling defendant to provide a further response to Interrogatory No. 24 is DENIED.

4. Plaintiff's request for an order compelling defendant to provide a further response to Interrogatory No. 25, as worded, is DENIED. However, subject to the Protective Order governing the exchange of confidential information [Doc. No. 62], defendant is ordered to identify all clerk/cashiers in its California stores that have used or are using a seat or stool from June 9, 2008 to the present while operating a cash register.

5. Plaintiff's request for an order compelling defendant to provide a further response to Document Request No. 41, as worded, is DENIED. However, to the extent it has not already done so, defendant is ordered to provide plaintiff with floor plans, schematics, design documents, and drawings showing the workspace behind or around the registers for the representative sample of stores identified in the discussion above concerning Interrogatory Nos. 17, 18, 19, 20, and 21.

18

09cv2051-MMA(KSC)

1      6.     Plaintiffs' request for an order compelling defendant to provide further responses to Document Request Nos. 43, 44, 45, and 46 is DENIED.

     7.     Plaintiff's request for an order compelling defendant to provide a further response to Document Request Nos. 49 and 51 is GRANTED. To eliminate any ambiguity in defendant's statement that it has "agreed" to provide responsive documents to these requests, defendant is ordered to provide plaintiff with a declaration by counsel or a knowledgeable corporate representative of defendant clarifying that all responsive, non-privileged documents have been produced or that no responsive documents were located despite a diligent search. To the extent defendant is withholding any documents based on a claim of privilege, defendant must also "expressly make the claim" by providing plaintiff with a suitable privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

     8.     Plaintiff's request for an order compelling defendant to provide a further response to Document Request No. 52, as worded, is DENIED. However, defendant agreed in the Joint Motion to search for responsive documents from the store where plaintiff was employed and said it "will produce" responsive documents if any are located. Thus, it is unclear whether defendant has produced any responsive documents. To eliminate this uncertainty, defendant is ordered to provide plaintiff with a declaration by counsel or a knowledgeable corporate representative of defendant clarifying that all responsive, non-privileged documents have been produced or that no responsive documents were located despite a diligent search. To the extent defendant is withholding any documents based on a claim of privilege, defendant must also "expressly make the claim" by providing plaintiff with a suitable privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

///
///
///
///

9. Defendant shall comply with this Order by providing plaintiff with the documents and information as set forth above as soon as possible and on a rolling basis. ***Defendant must fully comply with this Order no later than June 23, 2017.***

IT IS SO ORDERED.

Dated: April 18, 2017

Hon. Karen S. Crawford
United States Magistrate Judge