FILED
APR 26 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKEYA KILBY,<br><br>                                 Plaintiff,<br>v.<br>CVS PHARMACY, INC.,<br><br>                                 Defendant. | Case No.: 09cv2051-MMA(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (RULE 30(b)(6) TOPICS)**<br><br>**[Doc. No. 173]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 173.] In the Joint Motion, plaintiff seeks an order compelling defendant to make witnesses available for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify about six different topics. [Doc. No. 173, at p. 4.] For the reasons outlined below, the Court finds that plaintiff's request for an order compelling defendant to make Rule 30(b)(6) witnesses available for deposition must be DENIED.

### *Discussion*

A. *Timeliness of Plaintiff's Fourth 30(b)(6) Notice of Deposition.*

"A party may, by oral questions, depose any person, including a party, without leave of court. . . ." Fed.R.Civ.P. 30(a)(1). "In its notice or subpoena, a party may name as the deponent a . . . corporation, . . . or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate

1

one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed.R.Civ.P. 30(b)(6). "A party who wants to depose a person by oral questions *must give reasonable written notice* to every other party. . . ." Fed.R.Civ.P. 30(b)(1) (emphasis added).

The parties' papers indicate plaintiff served defendant with her "Fourth 30(b)(6) Notice of Deposition" on February 17, 2017, just ten calendar days before the February 27, 2017 deadline for completing class-related discovery. [Doc. No. 159; Doc. No. 173, at p. 10; Doc. No. 173-2 (Exh. 1), at pp. 1-6; Doc. No. 173-7, at p. 3.] Based on the number and scope of topics included in the February 17, 2017 Notice and the February 27, 2017 deadline for completing class-related discovery, the Court finds that plaintiff failed to provide defendant with "reasonable written notice" as required by Federal Rule 30(b)(1).

For the same reasons, the Court also finds that plaintiff's Notice was untimely under the Court's Scheduling Order of September 13, 2016. [Doc. No. 159.] The Scheduling Order provides that discovery under Rule 30 "must be initiated a sufficient period of time in advance of the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure." [Doc. No. 159, at p. 1.] As defendant explains in the Joint Motion, it was unreasonable for plaintiff to expect defendant to compile all of the necessary data, locate and prepare competent witnesses, and then appear for depositions of the scope requested in just ten calendar days before the expiration of the deadline for completing class discovery. [Doc. No. 173, at pp. 10, 15-17, *et seq.*]

B. *Scope of Discovery Requested in Plaintiff's Fourth 30(b)(6) Notice of Deposition*.

    *1.    Topic Nos. 37, 38, 39, and 41*.

Topic Nos. 37, 38, 39 and 41 in plaintiff's Deposition Notice seek information about employees who work or have worked in six different CVS stores located in San

2

09cv2051-MMA(KSC)

Diego County during the class period (June 9, 2008 to the present). [Doc. No. 173, at p. 4.] At plaintiff's request and by agreement of the parties, plaintiff conducted a physical inspection of these CVS stores on February 24, 2017. [Doc. No. 173, at p. 14; Doc. No. 173-1, at pp. 4-5; Doc. No. 173-7, at p. 2.]

Specifically, Topic Nos. 37, 38, 39, and 41 seek an order compelling defendant to make a witness or witnesses available to testify about the following: (1) the identities of each clerk/cashier, store manager, store manager in training, operations manager, or shift supervisor [Topic Nos. 37, 38]; (2) the identities of each clerk/cashier who used a seat while working at the check stands; (3) the nature of any criticism of clerk/cashiers about their performance while using a seat [Topic No. 39]; and (4) the identity of any clerk/cashier who requested to use a seat [Topic No. 41]. [Doc. No. 173, at p. 5.]

Defendant argues, and the Court agrees, that the discovery plaintiff seeks is overly burdensome. Defendant represents that identifying employees and former employees who worked at the six stores would first require database searches. Then, to obtain the remaining information that plaintiff seeks, defendant would need to: (1) interview about 331 current and former clerk/cashiers; (2) interview about 56 store managers; (3) review each individual's personnel file; and (4) possibly search and review numerous e-mails. Many of the employees no longer work for defendant and may be difficult to contact. Records do not exist to separate clerk/cashiers who operated cash registers from those who did not. [Doc. No. 173, at pp. 16-23.]

Most of the information plaintiff seeks by way of the Deposition Notice is also duplicative of other discovery that has already been produced or is in the process of being produced. At this late date in the class discovery process, the Deposition Notice further reveals an attempt by plaintiff to implement a whole new discovery strategy. In a prior Joint Motion, plaintiff sought an order compelling defendant to provide further responses to a number of very broadly worded discovery requests seeking the same or similar documents and information as to all 9,600 CVS stores in the United States and/or all 940 CVS stores in California. [Doc. No. 160, at pp. 1-48.] For example, plaintiff's

3

Interrogatory No. 23 sought the identity of "each Clerk/Cashier who was employed in California at any time between June 9, 2008 and the present who operated a front-end cash register for at least one pay period during that time." [Doc. No. 182, at p. 8.] For the reasons outlined in the Court's Order of April 19, 2017, defendant was ordered to update a list of putative class members that was previously produced to plaintiff in 2011 by providing plaintiff with a representative list of clerk/cashiers employed by defendant in its California stores any time after the prior production. [Doc. No. 182, at pp. 9-10.]

Plaintiff's Interrogatory No. 25 additionally sought the identity of "each Clerk/Cashier *anywhere in the United States* who, at any time between June 9, 2008 and the present, used a seat or stool while operating the cash register." [Doc. No. 182, at p. 11 (emphasis added).] Subject to the confidentiality provisions of the Protective Order [Doc. No. 62], the Court ordered defendant to identify all clerk/cashiers in its California stores that have used or are using a seat or stool while operating a cash register from June 9, 2008 to the present. [Doc. No. 182, at p. 12.] In addition, as outlined in the parties' prior Joint Motion [Doc. No. 160] and in the Court's Order of April 19, 2017 [Doc. No. 182], defendant has already provided plaintiff with other discovery on this topic. Defendant produced records from a Human Resources database showing requests for seat accommodations and describing instances where California retail employees requested the use of a seat. Defendant also made a Rule 30(b)(6) witness available to testify at a deposition about responses received when an e-mail was sent out asking whether requests had been received for a seat. [Doc. No. 160, at pp. 39, 42; Doc. No. 182, at p. 14.]

Based on the moving and opposing arguments presented in this prior Joint Motion, it is apparent that plaintiff was unwilling to narrow the scope of Interrogatory Nos. 23 and 25 and other broadly worded discovery requests that were disputed at the time. [Doc. No. 160, at pp. 1-48.] Now, after the large amount of discovery on the same or similar topics that defendant has already produced or is in the process of producing in

4

response to the Court's Order of April 19, 2017 [Doc. No. 182], which narrowed the scope of plaintiff's overly broad discovery requests, plaintiff now wants to narrow and re-focus class-related discovery in a different manner on employees at six specific stores in San Diego County.

In this Court's view, the time to narrow and re-focus class discovery in this new and different manner was during meet and confer sessions the parties completed before the prior Joint Motion [Doc. No. 160] was filed.[1] To allow plaintiff to narrow and re-focus discovery now in this new and different manner would require the Court to re-open class-related discovery for several more months so that the parties could prepare for and complete the broad scope of depositions plaintiff now seeks as to the six stores in San Diego County. There is simply no good cause for doing so, particularly when plaintiff's Deposition Notice is untimely and seeks discovery that is essentially duplicative. In this regard, the Court notes that the parties already had a seven-month period of time in 2011 to complete class-related discovery. [Doc. Nos. 33, 42.] The current Scheduling Order, which was issued on September 13, 2016, allowed the parties an additional five months until February 27, 2017 to update prior class-related discovery completed in 2011, mostly to learn of any "changes" that occurred while the case was on appeal. [Joint Discovery Plan, submitted on Sept. 7, 2016, at pp. 2-3.]

As far as the Court is aware, the only topic in this group that may not be duplicative is Topic No. 38, which seeks testimony on the identification of store managers, store managers in training, operations managers, or shift supervisors during

---

[1] Once again, the Court expects a party seeking discovery to attempt to narrow the scope of broadly worded requests during meet and confer sessions and to discuss any such efforts in any moving papers seeking an order compelling further responses. For the most part, plaintiff did not do so in connection with the prior Joint Motion [Doc. No. 160, at pp. 1-48]. It is unlikely the prior Joint Motion of 48 pages [Doc. No. 160] would have even been necessary if plaintiff previously offered to narrow the scope of its overly broad discovery requests to six specific stores in San Diego.

5

the class period at the six CVS stores in San Diego County. Plaintiff argues that the Court should compel defendant to make a witness available to identify these employees, because managers who are not class members "are likely to have discoverable information about defendant's employment practices" and "whether the nature of the work reasonably permits the use of seats." [Doc. No. 173, at p. 7-8.]

Citing the privacy rights of third parties, defendant argues that the Court should not order testimony on this topic, particularly when there is no reason to believe these managers would have more or specialized knowledge about the use of seats in CVS stores than putative class members who have already been identified or will be identified in response to the Court's Order of April 19, 2017 [Doc. No. 182]. [Doc. No. 173, at p. 19.] The Court agrees with defendant's argument, which is essentially that the burden of producing a witness on this topic exceeds its likely benefit. As outlined in the prior Joint Motion [Doc. No. 160, at pp. 1-48]; the Court's Order of April 19, 2017 [Doc. No. 182]; and in the current Joint Motion [Doc. No. 173], plaintiff already has plenty of access to information about defendant's employment practices and the use of seats by clerk/cashiers from other sources of discovery that have been produced or will soon be produced in response to the Court's Order of April 19, 2017 [Doc. No. 182].

In sum, under the circumstances presented, the Court will not re-open class-related discovery to compel defendant to make Rule 30(b)(6) witnesses available to testify on Topics 37, 38, 39, and 41 in response to plaintiff's untimely Fourth 30(b)(6) Notice of Deposition. Without enforcement of the Fourth 30(b)(6) Notice of Deposition, plaintiff already has access to more than enough discovery to prepare and submit her second motion for class certification. Accordingly, the Court finds that plaintiff's request for an order compelling defendant to make Rule 30(b)(6) witnesses available for deposition to testify about Topic Nos. 37, 38, 39 and 41 in the Fourth 30(b)(6) Notice of Deposition must be DENIED.

///

///

### 2. *Topic 40.*

Topic 40 in plaintiff's Deposition Notice seeks testimony about the identities of customers who have complained about any clerk/cashier using a seat while working at the cash registers in six different CVS stores located in San Diego County during the class period. [Doc. No. 173, at p. 5.] Plaintiff seeks testimony on this topic "to the extent" that defendant claims that clerk/cashiers should not be given seats because customers expect them to stand. [Doc. No. 173, at p. 8.]

For the reasons outlined by defendant in the current Joint Motion, this topic is overly burdensome. It would require defendant to "hunt through" more than 300 personnel files to locate clerk/cashiers who used a seat and then determine whether there were any customer complaints that relate to the use of the seat. [Doc. No. 173, at p. 21.] In other words, defendant argues convincingly that the burden of producing a witness on this topic exceeds its likely benefit. In addition, defendant argues convincingly that the circumstances do not warrant an invasion of the privacy rights of third party customers who may have made complaints and could perceive the release of their identities in this litigation as retaliation. [Doc. No. 173, at p. 21.] Given these concerns and the untimeliness of plaintiff's Deposition Notice, the Court finds that plaintiff is not entitled to an order compelling defendant to make a Rule 30(b)(6) witness available to testify on Topic 40.

Defendant did offer during the meet and confer process to check its databases to see if a customer ever lodged any sort of "complaint" about the use of a seat by a cashier and "explain the situation" to plaintiff "without revealing names." [Doc. No. 173, at p. 21.] Plaintiff was not satisfied with defendant's offer. [Doc. No. 173, at p. 21.] Without more, the relevance of any such customer complaints to class certification issues is unclear. Although the Court will not now re-open class discovery for this purpose, the Court's Order on the current Joint Motion does not preclude plaintiff from seeking information about customer complaints involving the use of a seats by cashiers in a narrowly tailored request made during any time allowed for fact discovery following

7

a ruling on any motion related to class certification. In sum, the Court finds that plaintiff's request for an order compelling defendant to make Rule 30(b)(6) witnesses available for deposition to testify about Topic No. 40 in the Fourth 30(b)(6) Notice of Deposition must be DENIED without prejudice.

### 3. *Topic 42.*

Topic 42 seeks testimony about the total number of pay periods worked by all clerk/cashiers at six CVS stores in San Diego County. [Doc. No. 173, at p. 5.] According to plaintiff, "the number of pay periods worked by Clerk/Cashiers is relevant to penalties under PAGA. Cal. Lab. Code § 2699(e)(2) (penalties accrue at $100/$200 per pay period per violation)." [Doc. No. 173, at p. 8.] As defendant contends, this topic is overly broad as worded, because there are clerk/cashiers "who have never operated a register during their employment with CVS." [Doc. No. 173, at p. 23.]

Without more, the information sought in Topic 42 appears to be relevant to the issue of class damages rather than to class certification. It is true that class and fact discovery are not bifurcated [Doc. No. 159, at p. 1], so nothing precluded plaintiff from seeking this type of discovery during the time period permitted to complete class discovery. However, given the untimeliness of plaintiff's Deposition Notice, the Court will not re-open class discovery to permit plaintiff to pursue this type of discovery. However, the Court's Order on the current Joint Motion is not intended to preclude plaintiff from seeking information about pay periods worked by clerk/cashiers in defendant's California stores in a narrowly tailored request made during any time allowed for fact discovery following a ruling on any motion related to class certification. In sum, the Court finds that plaintiff's request for an order compelling defendant to make Rule 30(b)(6) witnesses available for deposition to testify about Topic No. 42 in the Fourth 30(b)(6) Notice of Deposition must be DENIED without prejudice.

///

///

///

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request in the Joint Motion [Doc. No. 173] for an order compelling defendant to make Federal Rule 30(b)(6) witnesses available for deposition to testify about Topics 38, 39, 40, 41, and 42 is DENIED. This Order is without prejudice to plaintiff seeking discovery on Topics 40 and 42 in narrowly tailored discovery requests served during time allowed for fact discovery following a ruling on any motions related to class certification.

IT IS SO ORDERED.

Dated: April 26, 2017

Hon. Karen S. Crawford
United States Magistrate Judge