**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NYKEYA KILBY,<br><br>                              Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>                              Defendant. | Case No.: 09cv2051-MMA (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE STAY THIS ACTION**<br><br>[Doc. No. 193] |

      Plaintiff Nykeya Kilby brings this putative class action to recover penalties pursuant to the California Labor Code Private Attorney General Act of 2004 ("PAGA") against Defendant CVS Pharmacy, Inc. ("CVS"), her former employer. Plaintiff moves to dismiss her lawsuit without prejudice, or in the alternative, to stay these proceedings pending the outcome of a similar state court lawsuit. *See* Doc. No. 193. CVS filed an opposition to the motion, to which Plaintiff replied. *See* Doc. Nos. 197, 201. In her reply, Plaintiff withdraws her motion for dismissal and requests the Court stay this action. The Court granted CVS leave to file a sur-reply in support of its opposition to Plaintiff's motion. *See* Doc. No. 211. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff Nykeya Kilby previously worked at a CVS store as a "Customer Service Representative," i.e., a clerk/cashier, for approximately eight months. Plaintiff seeks civil penalties against CVS based on CVS's alleged violation of Section 14 of Industrial Welfare Commission ("IWC") Wage Order 7-2001, which applies to retailers such as CVS. Specifically, Plaintiff alleges that CVS fails to provide its clerk/cashiers with suitable seats while operating cash registers at the front end, or retail, section of CVS stores, contrary to Section 14(A). According to Plaintiff, this in turn violates California Labor Code § 1198 and entitles her to recover penalties under Section 2699(f) of PAGA.

In April 2012, the Court denied Plaintiff's motion to certify a class of former and current CVS clerk/cashiers who operated front end cash registers and were not provided suitable seats while doing so. *See* Doc. No. 131. Subsequently, the Court granted CVS's motion for summary judgment in its favor as to the merits of Plaintiff's PAGA claim. *See* Doc. No. 136. Plaintiff appealed both rulings. *See* Doc. No. 139. After seeking guidance from the California Supreme Court regarding the correct interpretation of Section 14(A), the United States Court of Appeals for the Ninth Circuit reversed this Court's previous rulings and remanded the action for reconsideration in light of the California Supreme Court's opinion in *Kilby v. CVS Pharmacy, Inc.*, 368 P.3d 554 (Cal. 2016). *See* Doc. Nos. 147, 155.

On August 22, 2016, the Court resumed jurisdiction over these proceedings. The parties participated in a case management conference with the assigned magistrate judge, who subsequently issued a scheduling order setting a class discovery deadline and filing deadline for Plaintiff's anticipated motion for class certification. *See* Doc. No. 159. The record reflects that thereafter, multiple discovery disputes ensued. *See* Doc. Nos. 160, 167, 173, 178. The assigned magistrate judge issued a series of orders resolving the pending disputes, as well an amended scheduling order extending the class discovery deadline. *See* Doc. Nos. 181-85. The amended scheduling order also set expert discovery deadlines, as well as an August 28, 2017 deadline for Plaintiff to file a motion

for class certification.  *See* Doc. No. 185.  Another discovery dispute arose, and on July 10, 2017, Plaintiff sought a temporary vacatur, or in the alternative, a further extension of the discovery and motion filing deadlines.  *See* Doc. Nos. 188, 189.  This latest discovery dispute, as well as the request for relief from the amended scheduling order, remain pending before the assigned magistrate judge.

On August 28, 2017, in lieu of a motion for class certification, Plaintiff filed the instant motion to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), or alternatively, to stay the action pending the outcome of similar litigation in state superior court.  Plaintiff argues that CVS has obstructed the production of class discovery, such that Plaintiff was unable to file a properly supported motion for class certification.  Plaintiff initially preferred dismissal of the action without prejudice, based on CVS's actions, the unresolved nature of the most recent discovery dispute, and the absence of relief from the relevant discovery and filing deadlines.  In the alternative, Plaintiff requested the Court stay the case pending the outcome of the state court litigation.  CVS filed an opposition to Plaintiff's motion, ardently disagreeing with Plaintiff's characterization of the post-remand proceedings.  In reply, Plaintiff withdrew her motion to dismiss the action, and she now solely seeks a stay of the case.  CVS opposes staying the case.

## DISCUSSION

Plaintiff seeks a stay of these proceedings pending the outcome of *Reed v. CVS Pharmacy, Inc.*, Case No. RG17855592, filed in Alameda County Superior Court. According to Plaintiff, *Reed* involves an identical claim against CVS for damages under PAGA based on CVS's purported violation of Section 14(A) of the wage order.  The *Reed* action is currently stayed pending the outcome of this litigation.  Nevertheless, Plaintiff asserts that state court is a more appropriate forum for resolution of the suitable seating issues.  Plaintiff also points out that the *Reed* action includes a second claim under Section 14(B) of the wage order.  Plaintiff asserts that it is more efficient for the two claims to be adjudicated in a single action, in a single forum.  CVS counters that

Plaintiff is attempting to engage in blatant forum shopping, motivated by her dissatisfaction with the assigned magistrate judge's discovery rulings.

### 1. Legal Standard

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

In determining whether to grant a stay pursuant to *Landis*, courts weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### 2. Analysis

The Court finds that a stay of these proceedings would not promote "the orderly course of justice." *Lockyer*, 398 F.3d at 1110. Rather, a stay based on nascent state court proceedings which are currently stayed in deference to this action – while within the

Court's discretion – would simply be inefficient. Furthermore, the Court is not convinced that state court provides a better forum for the adjudication of the issues in this case, particularly since both state and federal courts in California now have the benefit of the California Supreme Court's interpretation of Section 14(A) of the wage order.

In addition, Plaintiff fails to demonstrate that she will suffer some particular "hardship or inequity . . . in being required to go forward" with this case. *Id*. Plaintiff's argument regarding prejudice resulting from the split litigation of claims under Sections 14(A) and 14(B) is a non sequitur. Plaintiff is not a party in the *Reed* action, and Plaintiff does not bring a claim in this case against CVS based on Section 14(B) of the wage order. The litigation of such a claim by a different litigant in a different forum at some time in the future does not prejudice Plaintiff in this action.

Plaintiff also raises – in a footnote – the potential absence of subject matter jurisdiction under the Class Action Fairness Act ("CAFA") of 2005, codified at 28 U.S.C. § 1332(d), based on developments in the interpretation of PAGA claims in relation to CAFA since the initiation of this action approximately eight years ago. *See Pl. Memo.* at 14, n.9. However, if Plaintiff wished to launch a serious challenge to this Court's subject matter jurisdiction, she could have moved for such relief – lack of subject-matter jurisdiction is never waived, and the issue may be raised at any time. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d. 593, 594-95 (9th Cir. 1996).

In any event, the Court is satisfied that it has subject matter jurisdiction over this action. Subsequent to the filing of this action, the Ninth Circuit clarified that a PAGA action removed from state court does not trigger CAFA jurisdiction if the plaintiff does not bring the PAGA claim on behalf of a class of similarly situated individuals. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014). In other words, an individual plaintiff does not transform an action into a class action simply by alleging a PAGA claim against the defendant. This is consistent with the California Supreme Court's holding that while "[a]ctions under [PAGA] *may* be brought as class actions," a plaintiff is not required to do so. *Arias v. Superior Court*, 46 Cal. 4th 969, 981

n.5 (2009). Here, Plaintiff brought her PAGA claim on behalf of herself and "[a]ll persons who, during the applicable statute of limitations, were employed by CVS as Customer Service Representatives, Cashiers, Clerks, or in a similar position that regularly involves or did involve the operation of a cash register, and were not provided with a seat," vesting this Court with subject matter jurisdiction under CAFA. *Pl. FAC* ¶ 6; *see* 28 U.S.C. 1332(d).

## CONCLUSION

Based on the foregoing, the Court declines to exercise its discretion to stay these proceedings. Accordingly, the Court **DENIES** Plaintiff's motion. The Court will issue a separate written ruling on CVS's pending motion for summary judgment in due course.

**IT IS SO ORDERED**.

DATE: December 5, 2017

HON. MICHAEL M. ANELLO
United States District Judge