# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKEYA KILBY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>　　　　　　Defendant. | Case No.: 09cv2051-MMA (KSC)<br><br>**ORDER DENYING DEFENDANT CVS PHARMACY, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 195] |

Plaintiff Nykeya Kilby brings this action to recover penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA") against her former employer Defendant CVS Pharmacy, Inc. ("CVS") for failing to provide her with a suitable seat while operating a cash register. CVS moves for summary judgment in its favor on the merits of Plaintiff's PAGA claim. *See* Doc. No. 195. Plaintiff filed a response in opposition to the motion, to which CVS replied. *See* Doc. Nos. 200, 202, 203. The Court granted the parties leave to file supporting documents under seal, and permitted Plaintiff to file a sur-reply in support of her opposition to CVS's motion. *See* Doc. Nos. 210, 212-15. In addition, Plaintiff has filed supplemental declarations in support of her opposition, to which CVS objects on various grounds. *See* Doc. Nos. 227,

230.  For the reasons set forth below, the Court **DENIES** CVS's motion for summary judgment.

## BACKGROUND[1]

Plaintiff Nykeya Kilby is a former employee of CVS, where she worked as a Customer Service Representative ("Clerk/Cashier" hereafter) for approximately eight months in 2008.  In this capacity, Plaintiff operated a cash register, straightened and stocked shelves, organized candy and batteries in front of the sales counter, stocked the tobacco section behind the sales counter, cleaned the register, vacuumed, gathered shopping carts and hand baskets, and handled trash.

CVS is committed to providing excellent service to its customers.  In CVS's business judgment, and for reasons which Plaintiff disputes, CVS contends that permitting a Clerk/Cashier to sit while performing his or her job duties would result in inefficiency, lost time, and poor customer service.  Accordingly, when interviewing for the job, Plaintiff's interviewer explained the expectation that she stand while working, including while operating the cash register.  Once hired, Plaintiff viewed training videos which reinforced the expectation that Clerk/Cashiers are expected to do a variety of work while standing.  Plaintiff stood while she performed her job duties.

Plaintiff spent approximately ninety percent of her time operating the cash register. Related duties such as "scanning, reaching, lifting, bagging, and processing customer payments" may be performed while seated.[2]  Doc. No. 202-1 at 64.[3]  CVS did not provide Plaintiff with a seat to use while operating the cash register.  Therefore, she stood.

---

[1] These facts are taken from CVS's Statement of Undisputed Facts, Plaintiff's response thereto, CVS's reply to Plaintiff's response, and supporting evidence.  Where a material fact is in dispute, it will be so noted.  Facts immaterial to the disposition of the motion are not recited herein.

[2] CVS agrees that these duties may be performed seated "on occasion," but contends that this fact is immaterial.  Doc. No. 202-1 at 64.  The Court disagrees.

[3] Citations to electronically-filed documents refer to the pagination assigned by the CM/ECF system.

2

Plaintiff premises this action on the contention that CVS should have provided her and other current or former employees with a seat while operating the cash register. Plaintiff alleges that by failing to do so, CVS violated California Labor Code § 1198, which makes it illegal to employ a person under conditions of labor prohibited by an applicable Wage Order issued by the Industrial Welfare Commission ("IWC").[4] Section 14(A) of Wage Order 7-2001 (referred to hereafter as "Section 14(A)"), which applies to employers such as CVS, provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Cal. Code Regs. Tit. 8 § 11070(14)(A). Plaintiff brings her PAGA claim in a representative capacity as an "aggrieved employee on behalf of . . . herself and other current or former employees" of CVS.[5] Cal. Lab. Code § 2699(a).

CVS previously moved for summary judgment at to Plaintiff's PAGA claim, arguing that the "nature of the work" she performed as a Clerk/Cashier did not reasonably permit the use of a seat. The Court granted summary judgment in favor of CVS, concluding that "[i]f, as here, the majority of an employee's assigned duties must physically be performed while standing, and the employer expects and trains the employee to stand while doing so, the 'nature of the work' requires standing," such that the employer need not provide a suitable seat to the employee while working. Doc. No. 136 at 10. Plaintiff appealed, and the United States Court of Appeals for the Ninth

---

[4] Section 1198 provides that "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Cal. Lab. Code § 1198. Because Section 1198 does not contain its own civil penalty provision, Plaintiff seeks to recover the "default" penalties set forth in Section 2699(f) of PAGA.

[5] Plaintiff also brings her claim on behalf of a putative class of "[a]ll persons who, during the applicable statute of limitations, were employed by CVS as Customer Service Representatives, Cashiers, Clerks, or in a similar position that regularly involves or did involve the operation of a cash register, and were not provided with a seat." Doc. No. 6 at 3 ¶ 6. To date, Plaintiff has not renewed her motion for class certification subsequent to the remand of this action from the United States Court of Appeals for the Ninth Circuit. Accordingly, the action currently proceeds on a representative basis.

Circuit certified questions to the California Supreme Court concerning the correct interpretation of Section 14 of the Wage Order. *See* Doc. No. 147. In so doing, the circuit court noted that the California Supreme Court's ultimate interpretation of Section 14 would potentially have "far-reaching effects on California's citizens and businesses." *Id*. at 10.

The California Supreme Court heeded the Ninth Circuit's request, interpreting Section 14(A) as follows:

> The "nature of the work" refers to an employee's tasks performed at a given location for which a right to a suitable seat is claimed, rather than a "holistic" consideration of the entire range of an employee's duties anywhere on the jobsite during a complete shift. If the tasks being performed at a given location reasonably permit sitting, and provision of a seat would not interfere with performance of any other tasks that may require standing, a seat is called for.

*Kilby v. CVS Pharmacy, Inc*., 63 Cal. 4th 1, 8 (2016). The court also identified the relevant factors to consider when determining whether "the nature of the work reasonably permits the use of seats" under Section (14)(A):

> When evaluating whether the "nature of the work reasonably permits the use of seats," courts must examine subsets of an employee's total tasks and duties by location, such as those performed at a cash register or a teller window, and consider whether it is feasible for an employee to perform each set of location-specific tasks while seated. Courts should look to the actual tasks performed, or reasonably expected to be performed, not to abstract characterizations, job titles, or descriptions that may or may not reflect the actual work performed. Tasks performed with more frequency or for a longer duration would be more germane to the seating inquiry than tasks performed briefly or infrequently.
>
> A focus on actual work done and tasks grouped by their location alleviates the problems created by both plaintiffs' and defendants' approaches. An employee may be entitled to a seat to perform tasks at a particular location even if his job duties include other standing tasks, so long as provision of a seat would not interfere with performance of standing tasks. At the same time, consideration of all the actual tasks performed at a particular location would allow the court to consider the relationship between the standing and sitting tasks done there, the frequency and duration of those tasks with respect to each other, and whether sitting, or the frequency of transition between sitting

4

> and standing, would unreasonably interfere with other standing tasks or the quality and effectiveness of overall job performance.

*Id.* at 18. The court concluded by holding that "[a]n employer seeking to be excused from the requirement bears the burden of showing compliance is infeasible because no suitable seating exists." *Id.* at 24.

Upon receipt of the answers to its certified questions, the Ninth Circuit reversed and remanded this action, with an instruction "to the district court to reconsider [its previous rulings] in light of the California Supreme Court's opinion in *Kilby v. Pharmacy, Inc.*, 368 P.3d 554 (Cal. 2016)." Doc. No. 155 at 2. The Court must now do so, as CVS once again moves for summary judgment as to Plaintiff's PAGA claim. CVS argues that the California Supreme Court's interpretation of the suitable seating requirement confirms that the nature of Plaintiff's work at CVS did not reasonably permit the use of seat. Plaintiff opposes the motion, arguing that the *Kilby* court's interpretation of Section 14(A) precludes summary judgment on her PAGA claim.

## DISCUSSION

### 1. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does not bear the burden of proof

5

09cv2051-MMA (KSC)

at trial, he may discharge his burden of showing no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *Id.* at 324. The party opposing summary judgment cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.), cert. denied, 555 U.S. 827 (2008) (internal quotation marks omitted).

### 2. *Evidentiary Objections*

As an initial matter, the parties have raised various evidentiary objections.[6] The Court addresses each objection in turn.

a) <u>CVS's Objections</u>

CVS objects to several categories of evidence submitted by Plaintiff in support of her opposition to CVS's motion for summary judgment. First, CVS objects to the declarations of Dr. Michael J. O'Neil, a survey design and research consultant, and Dr. Gary M. Bakken, a Certified Professional Ergonomist. Plaintiff proffers the testimony of each individual pursuant to Federal Rule of Evidence 702. Dr. O'Neil presents the results of his survey of a sampling of CVS customers regarding the provision of chairs or stools for certain CVS employees, and draws conclusions therefrom. Dr. Bakken opines on issues related to the feasible use of a seat by CVS Clerk/Cashiers working at the CVS

---

[6] CVS has also filed a request for judicial notice in support of its reply brief. *See* Doc. No. 202-2. The Court **DENIES AS MOOT** CVS's request to judicially notice the document attached as Exhibit A to its request, to wit, a copy of Plaintiff/Petitioners' Opening Brief, filed April 11, 2014 in *Kilby v. CVS Pharmacy, Inc., Supreme Court of California*, Case No. S215614. The Court finds judicial notice of this document is unnecessary for the instant purposes, as disposition of CVS's motion for summary judgment is proper without reference to the document. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (stating that judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court).

location where Plaintiff was previously employed. CVS contends that Plaintiff failed to disclose the identity of these retained experts, and therefore the Court should preclude her from relying upon their testimony.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of the opinions of expert witnesses. It provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). With respect to the timing of expert disclosures, as relevant here, "[a] party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). Subsequent to remand, the parties have engaged in fact and class discovery only. The Court has not set any deadlines regarding expert discovery. There is no expert disclosure deadline currently set in this case. Nor has the Court set a trial date. Plaintiff's disclosure is not untimely under the rules. Furthermore, CVS will have ample opportunity to depose Plaintiff's experts prior to trial, and to make a determination regarding its own use of experts accordingly.

CVS also objects to the substance of the testimony proffered by Drs. Bakken and O'Neil. CVS argues that Dr. Bakken improperly opines on a question of law, and Dr. O'Neil bases his testimony on an unreliable survey, such that their respective testimony is inadmissible.

Federal Rule of Evidence 702 provides that expert opinion evidence is admissible if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

The *Kilby* court made clear that whether the nature of an employee's work reasonably permits the use of a seat is a fact-based inquiry. *See Kilby*, 63 Cal. 4th at 20-

21 ("For each location where seating may be sought, the totality of the circumstances test simply recognizes that numerous factors, such as the frequency and duration of tasks, as well as the feasibility and practicability of providing seating, may play a role in the ultimate conclusion. The weight given to any relevant factor will depend upon the attendant circumstances."). As such, Dr. Bakken offers an expert opinion regarding factual issues in this case. This is permissible under Rule 702.

With respect to Dr. O'Neill, CVS has not demonstrated that his survey design is so unreliable as to render his opinion inadmissible. Rather, CVS's objection goes to the weight a factfinder should give to his testimony when balancing the evidence in this case. "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). Accordingly, the Court **OVERRULES** CVS's objections to the declarations of Drs. Bakken and O'Neil.

CVS also objects to the declarations of eight current or former CVS Clerk/Cashiers, each of whom attests to operating a cash register while seated.[7] CVS argues that the declarations are irrelevant, given that these individuals are "disabled" and "do not purport to have performed their duties under identical (or even similar) circumstances as Plaintiff." Doc. No. 203 at 5. CVS paints the eight declarations with an inappropriately broad brush. While some of the individuals indicate that they received a seating accommodation from CVS due to disability, the majority of the declarants do not. In any event, as CVS notes, the *Kilby* court interpreted Section 14(A) as requiring "a seat when the nature of the work reasonably permits it, not when the nature of the worker

---

[7] CVS also urges the Court to strike certain paragraphs from these declarations as inadmissible hearsay, or on the grounds that the declarant is not qualified to attest to his or her own medical condition or diagnosis. To the extent the specified paragraphs contain inadmissible hearsay statements or improper medical testimony, the Court disregards those statements for purposes of ruling on CVS's motion for summary judgment.

does." *Kilby*, 63 Cal. 4th at 23. The fact that an individual performed his or her job duties while seated remains relevant to the inquiry, even if the reason why they sat is not relevant. In addition, the majority of the declarants state that they operated front-end cash registers arranged in a "bench" configuration, as Plaintiff did, and spent at least 75% of their time working at the cash register. Each of the declarants operated the cash register from a seated position at some time during their employment with CVS. Whether Plaintiff ultimately proves her case at trial through the use of representative evidence, or direct evidence as to each individual aggrieved employee, the testimony of other CVS Clerk/Cashiers who qualify as aggrieved employees is clearly relevant to Plaintiff's representative PAGA claim. Accordingly, the Court **OVERRULES** CVS's objection to these eight declarations.[8]

Finally, CVS moves to strike paragraph seven of Plaintiff's second declaration pursuant to Federal Rule of Evidence 701, in which Plaintiff testifies that "[a] seat would not have interfered in any way with my standing tasks or slowed down my work in any way. It takes almost no time to stand up or sit down from a seat. Also, I have never been injured while doing so." Doc. No. 200-2 at 3 ¶ 7. CVS argues that Plaintiff's statements lack foundation and are not based on her own personal knowledge, as she also testified that she never performed her work at CVS while seated. The Court **DENIES** CVS's motion to strike this paragraph from Plaintiff's second declaration. A non-expert may testify as to opinions "rationally based on the witness's perception" that are not based on specialized knowledge. Fed. R. Evid. 701. Plaintiff's testimony, which is based on her personal observations while working at CVS, satisfies this standard. *See United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (quoting *United States v. Allen*, 787 F.2d 933, 935 (4th Cir. 1986), *vacated on other grounds*, 479 U.S. 1077 (1987)).

---

[8] CVS also objects to seven additional declarations of current or former CVS Clerk/Cashiers, each of whom attests to operating a cash register while seated. CVS argues that the testimony from these individuals is irrelevant and lacks foundation. The Court **OVERRULES** CVS's objection to these additional declarations on the same grounds as set forth above.

b) Plaintiff's Objection

Plaintiff objects to the declaration of Jenice Tom, CVS's Director of Real Estate Market Research and Analytics. CVS submits Ms. Tom's declaration in response to Dr. O'Neil's testimony regarding the impact that providing seats would have on CVS's sales and customer opinions. Ms. Tom examined Dr. O'Neil's survey results, and based on those results she opines that the provision of seats to Clerk/Cashiers would potentially result in revenue loss. Plaintiff argues that it is "misleading, speculative, and lacking in foundation for Ms. Tom to testify that providing seats to Clerk/Cashiers would have a negative impact on CVS's sales." Doc. No. 212 at 3. Ms. Tom provides a sufficient foundation for her testimony. Plaintiff's other criticisms go to the weight of the testimony, not its admissibility. Accordingly, the Court **OVERRULES** Plaintiff's objection.

### 3. Analysis

CVS urges the Court to find, as a matter of law, that the nature of Plaintiff's work during her employment at CVS as a Clerk/Cashier did not reasonably permit her to use a seat. CVS argues that this conclusion is supported by Plaintiff's own deposition testimony, as well as CVS's business judgment that Plaintiff's duties "were best performed while standing." Doc. No. 195-1 at 20. In response, Plaintiff argues that the location-centric suitable seating analysis prescribed by the *Kilby* court precludes summary judgment on her PAGA claim. According to Plaintiff, the Court's inquiry must focus "on the tasks plaintiff performed at the cash register, not elsewhere in the store[,] . . . most frequently and for the longest time—scanning, bagging, and processing payments . . ." Doc. No. 200 at 12. Plaintiff maintains that she could have performed these tasks while seated. She points to the proffered declarations of current and former CVS employees, all of whom attested to their ability to satisfactorily perform their duties at the cash register while seated, as well as the testimony of her retained experts. Plaintiff argues that the physical workspace at her CVS location and others like it could have
10

accommodated a seat, and that CVS has failed to meet its burden of demonstrating that no suitable seat was available to her or its other employees.

Applying the California Supreme Court's interpretation of Section 14(A) and considering the evidence submitted by the parties, the Court concludes that a triable issue of fact exists as to whether the nature of the work performed by Plaintiff and other CVS Clerk/Cashiers while operating a front-end cash register reasonably permits the use of seats. As the *Kilby* court explained, "[i]f the tasks being performed at a given location reasonably permit sitting, and provision of a seat would not interfere with performance of any other tasks that may require standing, a seat is called for." *Kilby*, 63 Cal. 4th at 8. The *Kilby* court further instructed that "[a]n employer's business judgment and the physical layout of the workplace are relevant but not dispositive factors." *Id*.

According to Plaintiff, she "could have performed the scanning and bagging and processing transactions better sitting on a stool." Doc. No. 195-4 at 61. Plaintiff provides testimony from current and former CVS employees who operated front-end cash registers in a "bench" configuration, indicating the feasibility of completing "customer transactions from a seated position, including scanning merchandise, bagging the items, and accepting the payments," Doc. No. 200-7 at 1 ¶ 6; the ability to hand "the receipt and the bag to the customer while seated," Doc. No. 200-9 at 1 ¶ 6; the ability "to greet customers coming in the door, assist the next customer in line, . . . make eye contact and answer their questions," Doc. No. 200-13 at 2 ¶ 4.

On the other side of the ledger, CVS offers testimony from its Director of Environmental Health and Safety that "there's ergonomic issues with the use of seats. It would increase the likelihood of possible lifting injuries, twisting injuries. But then the seats could also be a -- they could block egress routes coming out of the cashier areas," Doc. No. 195-9 at 11; and the testimony of its Director of Store Operations:

> I can't imagine why you would sit down and how you would be able to sit down and service the customer. First of all, I'm not sure the customer would see you. And you have to be accessible and available for the customer. And during the process of actually checking out a customer, when you think about

> that motion -- I kind of laid out for you a couple of different cashiering options, the bench, the pass through -- the movement of that and the handling of the product, you're safer doing that in an upright position versus sitting down.

Doc. No. 195-10 at 15.

In sum, "[w]hether the nature of the work reasonably permits sitting is a question to be determined objectively based on the totality of the circumstances." *Kilby*, 63 Cal. 4th at 8. Factual issues prohibit the Court from making this determination as a matter of law. Ultimately, CVS may be able to demonstrate that "compliance [with Section 14(A) is infeasible because no suitable seating exists." *Id*. at 24. However, CVS has not yet done so. As such, summary judgment is not appropriate.

## CONCLUSION

Based on the foregoing, the Court **DENIES** CVS's motion for summary judgment. The Court **ORDERS** the parties to contact the chambers of the assigned magistrate judge within three (3) business days regarding the scheduling of a mandatory settlement and case management conference as soon as practicable.

**IT IS SO ORDERED**.

DATE: May 31, 2018

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge