1

2

3

4

5

6

7

8

9

10

**FILED**

FEB 2 8 2019

CLERK. U S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NYKEYA KILBY, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

CVS PHARMACY, INC.,

Defendant.

Case No.: 09cv2051-MMA(KSC)

**ORDER RE JOINT MOTION FOR
DETERMINATION OF DISCOVERY
DISPUTE (RE: DEFENDANT'S 1st
SET OF INTERROGATORIES TO
PLAINTIFF)**

**[Doc. No. 243.]**

Before the Court is the parties' Joint Motion for Determination of Discovery
Dispute. [Doc. No. 243.] In the Joint Motion, defendant seeks an order compelling
plaintiff to amend her responses to six contention interrogatories. [Doc. No. 243, at pp.
5-22.] Plaintiff contends that she has already provided complete responses to these
interrogatories based on the information available to her and has advised defendant that
she will supplement her responses when fact discovery is complete and her experts have
completed an analysis of the topics addressed in the interrogatories. [Doc. No. 243, at pp.
4-5.] Plaintiff believes defendant will have her supplemental responses to the subject
interrogatories by the time the Court rules on the Joint Motion. [Doc. No. 243, at p. 4.]

1

| | |
|---|---|
| 1 | For the reasons outlined more fully below, the Court finds that defendant's request for an |
| 2 | order compelling plaintiff to supplement and/or amend her responses to Interrogatory |
| 3 | Nos. 3, 4, 5, 11, 13, and 14 must be GRANTED in part and DENIED in part. |

### *Discussion*

Federal Rule of Civil Procedure 33 states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. (b)(1)(3). In other words, parties have an obligation to respond to interrogatories to the fullest extent possible. "The grounds for objecting to an interrogatory must be stated with specificity." Fed.R.Civ.P. 33(b)(4). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). For example, objections must explain how an interrogatory is overly broad or unduly burdensome. *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002).

With the exception of Interrogatory No. 14, all of the contention interrogatories that are the subject of the parties' Joint Motion are somewhat duplicative as they all seek the same or similar information. They require plaintiff to state "all facts" that support the following contentions:

- the nature of the work performed by clerk/cashiers at each and every cash stand at each CVS store in California reasonably permits the use of a suitable seat (***Interrogatory No. 3***);

- "many of the tasks the employee performs, including scanning merchandise, receiving payment, making change, and waiting for customers, could be performed from a seated position" (***Interrogatory No. 4***, quoting paragraph 14 of the Complaint);

- "cash register stations at CVS could accommodate the placement of a seat or stool of some kind" (***Interrogatory No. 5,*** quoting paragraph 14 of the Complaint);

2

-        the actual or expected tasks of CVS clerk/cashiers at each and every cash stand at each and every CVS store in California during the relevant time period "reasonably permits the use of a suitable seat" (***Interrogatory No. 11***);

-        the physical layout of the workplace at each and every cash stand at each and every CVS store in California during the relevant time period "permits the use of a suitable seat by clerk/cashiers" (***Interrogatory No. 13***).

[Doc. No. 243, at pp. 6-10.]

***Interrogatory No. 14*** seeks related but different information in that it requires plaintiff to state "all facts" supporting her contention that each cash stand at each CVS store in California during the relevant time period "may be modified to accommodate the use of a suitable seat by clerk/cashiers." [Doc. No. 243, at p. 10.] ***Interrogatory No. 14*** is compound, because it also requires plaintiff to "describe in detail each and every modification for each and every cash stand." [Doc. No. 243, at p. 10.]

***Plaintiff's Objections***.  Plaintiff's responses to all of the contention interrogatories at issue include the following boilerplate objections:  "The interrogatory is vague and ambiguous, overbroad, and compound." [Doc. No. 243, at pp. 6-10.]  These objections lack specificity.  As a result, the Court will not consider any of these objections unless plaintiff provided further explanation and clarification in the Joint Motion.

First, plaintiff argues in the Joint Motion that Interrogatory Nos. 3, 11, 13, and 14 are unduly burdensome, because defendant expects plaintiff to provide a separate, individual response "for each cash stand at each CVS store in California" even though CVS has about 944 stores in California and each store has several cash stands.   In addition, plaintiff has represented that her response would be the same for every store and every cash stand in California.  [Doc. No. 243, at pp. 5, 24-25.]

Defendant argues that plaintiff should be compelled to respond to Interrogatory Nos. 3, 11, 13, and 14 on a store-by-store and cash stand-by-cash stand basis, because she intends to try the case as a "representative action" under California's Private Attorneys

3

General Act (PAGA) without certifying a class under Federal Rule of Civil Procedure 23.[1] Defendant believes plaintiff's intent is to represent clerk/cashiers at about 850 stores in California. As a result, defendant argues that plaintiff should be able to address on an individual basis whether each cash stand at each CVS store in California could reasonably permit the use of a seat and/or be modified to accommodate the use of a suitable seat. [Doc. No. 243, at pp. 2, 20.] Defendant's view is that a representative action is unworkable, because each CVS store is unique and configurations for check stands vary from store to store, so something that works for one store or check stand might not work for another. [Doc. No. 243, at pp. 2, 20-22.]

Since plaintiff has stated that her response to Interrogatory Nos. 3, 11, 13, and 14 would be the same for every store and every cash stand at CVS stores in California, it appears that plaintiff's theory of the case is that the nature of the work performed by clerk/cashiers reasonably permits the use of a suitable seat regardless of variations among stores and check stand configurations. If this is plaintiff's position, she is entitled to her theory of the case, but her responses to Interrogatory Nos. 3, 11, 13, and 14 should include a statement to this effect. Based on plaintiff's theory of the case and the large number of stores and cash stands involved, the Court agrees with plaintiff that it would be

---

[1]    In *Arias v. Superior Court*, 46 Cal. 4th 969, 975, 209 P.3d 923, 926 (2009), the California Supreme Court held that an employee who brings a representative action seeking civil penalties against an employer under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 *et seq.*) need not satisfy class action requirements. *Id.* at 980-981. In this case, the First Amended Complaint includes a single cause of action under California Labor Code Section 2698 *et seq.* [Doc. No. 6, at p. 2.] Currently pending before the District Court is defendant's Motion to Strike or Dismiss Plaintiff's PAGA Representative Action Allegations from the First Amended Complaint. [Doc. No. 242.] In this Motion, defendant argues, in part, that PAGA representative actions in Federal Court must satisfy the class certification requirements in Federal Rule of Civil Procedure 23. According to defendant, the issue has not been directly address by the Ninth Circuit. [Doc. No. 242-1, at p. 14.]

overly burdensome to require her to provide a separate, individualized response to Interrogatory Nos. 3, 11, 13, and 14 on a store-by-store and cash stand-by-cash stand basis. [Doc. No. 243, at pp. 5, 24-25.]

In addition, as far as the Court is aware, discovery has generally been limited to a sampling of California stores. In other words, plaintiff has not been provided with relevant discovery about each and every store in California, because of the burden that would have placed on defendant. As a result, it does not appear that plaintiff has had access to information necessary to provide a specific, individualized response as to each and every cash stand at each and every CVS store in California. [*See, e.g.*, Doc. No. 182, at pp. 5-8, 18; Doc. No. 243, at pp. 17-19.] Under these circumstances, this Court's view is that Interrogatory Nos. 3, 11, 13, and 14, as written, are not only too burdensome but are also overly broad and disproportionate to the needs of the case. Further, as previously warned, the Court will not rewrite overly broad discovery requests to obtain the best result for the propounding party. [Doc. No. 182, at p. 8 n.3.] In sum, the Court finds that defendant's request for an order compelling plaintiff to provide separate, individualized answers for each and every cash stand at each and every CVS store in California in response to Interrogatory Nos. 3, 11, 13, and 14 must be DENIED.

Second, plaintiff argues that all of the contention interrogatories at issue in the parties' Joint Motion are overly broad, because they require plaintiff to state "all facts" rather than the material or principal facts that support her allegations. Plaintiff is correct. Contention interrogatories "should not require the answering party to provide a narrative account of its case." *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-405 (D. Kan. 1998). Courts "will generally find [contention interrogatories] overly broad and unduly burdensome on their face to the extent they ask for 'every fact' [or 'all facts'] which support[] identified allegations or defenses." *Id.* at 405. "Interrogatories may, however, properly ask for the 'principal or material' facts which support an allegation or defense." *Id.* "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to

answer them by setting forth the material or principal facts.' [Citation omitted.]" *Id.*
Accordingly, to the extent defendant requests an order compelling plaintiff to provide "all facts" in response to Interrogatory Nos. 3, 4, 5, 11, 13, and 14, the request is DENIED. Plaintiff need only respond to these interrogatories by providing the material or principal facts that support her contentions.

Third, plaintiff's responses to all of the above-referenced interrogatories include the following objections: "[T]he interrogatory is premature in that factual discovery is not yet complete, and the interrogatory asks for expert testimony and work product before expert disclosures and discovery have occurred." [Doc. No. 243, at pp. 6-10.] In the Joint Motion, plaintiff explains that she was awaiting production of certain "store surveillance videos" that defendant agreed to produce by February 15, 2019 (*i.e.*, after the current fact discovery completion deadline of January 18, 2019). [Doc. No. 243, at p. 4;] Doc. No. 236, at p. 2.] Plaintiff also explained to defendant during a telephone meet and confer that her responses to the subject contention interrogatories would be based on the work of experts, but the experts needed these "store surveillance videos" to complete their analysis of: (1) the "nature of the work" performed at the front end registers; and (2) the type of modifications that might be necessary to accommodate the use of seats. [Doc. No. 243, at p. 4; Doc. No. 243-1, at p. 3.] Thereafter, she intended to amend her responses to the contention interrogatories at issue in the parties' Joint Motion. To "avoid unnecessary motion practice," plaintiff offered to amend her responses once her video analysis was complete, and also offered to stipulate to an extension of time for defendant to file a motion to compel." [Doc. No. 243, at p. 4.] Although it appears this would have been the most efficient course of action under the circumstances, defendant did not agree. [Doc. No. 243, at p. 4.]

Defendant's view is that plaintiff already has enough information to provide complete responses to the contention interrogatories at issue, because CVS previously produced "extensive discovery" including "hundreds if not thousands of hours of surveillance video from five of its stores." [Doc. No. 243, at pp. 3, 16-19.] Plaintiff's

expert also conducted site inspections at six CVS stores and was able to photograph and measure the cash stands and video record the clerk/cashiers while they were performing their duties. [Doc. No. 243, at p. 16.] However, without knowing the significance of the store surveillance videos that had not been disclosed at the time the Joint Motion was filed, the Court cannot conclude plaintiff had all the information necessary to provide defendant with complete, supplemental responses to the subject interrogatories.

Regardless, as defendant contends, plaintiff had an obligation to respond to all of the subject interrogatories to the fullest extent possible based on the information she had at the time the responses were due, even though she intended to supplement them later with information compiled by experts. Fed.R.Civ.P. 33(b)(4). *See, e.g., Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (stating "although it is too early for plaintiff to provide expert opinions on the subject of damages, plaintiff may, at this time, answer interrogatory no. 1 based on the information it has to date"). The duty to supplement discovery responses is separate from the duty to respond fully in the first instance. Federal Rule of Civil Procedure 26(e)(1)(A) provides that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory . . . must supplement or correct its disclosure or response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . . ." Fed.R.Civ.P. 26(e)(1)(A).  Therefore, the Court will consider whether plaintiff's current responses to defendant's contention interrogatories are adequate.

***Plaintiff's Response to Interrogatory No. 3***.  Defendant argues that plaintiff's current response to Interrogatory No. 3 is "non-responsive," "evasive," and/or "incomplete," because she did not set forth the facts that support her allegations. [Doc. No. 243, at pp. 3, 11-14.]  Plaintiff's response to Interrogatory No. 3 states in part as follows:

> The most frequent and time-consuming task a clerk/cashier performs
> at the front-end check stands is checking out customers, which generally

7

consists of scanning, bagging, and processing customer payments. . . . The equipment necessary to check out customers, including the scanner, display, cash drawer, and receipt dispenser, are [in] close proximity to each other and can be reached from a seated position. The merchandise sold at CVS is generally small and light and can be handled from a seated position. While there are some tasks that might require standing, such as retrieving a control item for a customer, those tasks are relatively infrequent and would not interfere with use of a seat for the clerk/cashier's remaining tasks or require an unreasonable number of transitions from sitting to standing.

[Doc. No. 243, at p. 6.]

As set forth above, plaintiff need only respond by setting forth the material or principal facts that support her contentions, and it is also not necessary for plaintiff to provide a separate, individualized answer for each and every cash stand at each and every CVS store in California in response to Interrogatory No. 3. With these limitations in mind, the Court cannot conclude that plaintiff's response to Interrogatory No. 3 is inadequate. Without more, it appears that plaintiff's response to Interrogatory No. 3 states the material or principal facts supporting her contention that the nature of the work performed by clerk/cashiers at CVS cash stands reasonably permits the use of a suitable seat. Not having reviewed the evidence available to the parties, it is difficult for the Court to determine what more defendant expected plaintiff to include in her response to Interrogatory No. 3. As indicated in the Joint Motion, plaintiff expects to provide defendant with a more complete response to Interrogatory No. 3 after her experts have completed their analysis, but the current response is adequate until plaintiff has enough information to provide defendant with a supplemental response. Therefore, the Court finds that defendant's request for an order compelling plaintiff to provide a further response to Interrogatory No. 3 must be DENIED.

***Plaintiff's Responses to Interrogatory Nos. 4, 5, 11, 13, and 14***. Defendant argues that plaintiff's current responses to these interrogatories are "non-responsive," "evasive," and/or "incomplete," because she did not set forth the facts that support her

8

allegations and made non-specific references to her own deposition testimony; declarations; and anticipated testimony of witnesses. [Doc. No. 243, at pp. 3, 11-14.]

Interrogatory No. 4 essentially seeks the same information as Interrogatory No. 3. In response to Interrogatory No. 4, plaintiff was expected to state the material or principal facts supporting her contention in the Complaint that "many of the tasks the [clerk/cashier] performs, including scanning merchandise, receiving payment, making change, and waiting for customers, could be performed from a seated position." [Doc. No. 243, at p. 6.] Instead of responding with the relevant facts, such as those set forth in her response to Interrogatory No. 3, plaintiff responded to Interrogatory No. 4 with general citations to a list of "voluminous evidence" believed to support her contention that the listed tasks can be done while seated. [Doc. No. 243, at p. 7.] Plaintiff then provided similar responses to Interrogatory Nos. 5, 11, 13, and 14 by citing to "voluminous evidence" without setting forth any supporting facts. [Doc. No. 243, at pp. 7-11.]

Generally, "[i]ncorporation by reference" to a deposition transcript or some other document is not responsive. *Continental Illinois Nat'l Bank & Tr. Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991); *Lawman v. City and County of San Francisco*, 159 F.Supp.3d 1130 1140 (N.D. Cal. 2016). *See also U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (stating that a response to an interrogatory "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories"); *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (same). *But see* Fed.R.Civ.P. 33(d), which permits reference to business records under certain circumstances that are not relevant here.

As defendant contends, plaintiff's citation to a list of "voluminous evidence" is not a proper response to Interrogatory Nos. 4, 5, 11, 13, and 14. In response to these interrogatories, plaintiff is required to provide the material or principal facts that support her contentions. As outlined more fully above, the only exception is that in response to Interrogatory Nos. 11, 13, and 14, plaintiff is not required to provide separate,

individualized answers for each and every cash stand at each and every CVS store in California. Therefore, as limited herein, the Court finds that defendant's request for an order compelling plaintiff to provide further responses to Interrogatory Nos. 4, 5, 11, 13, and 14 must be GRANTED.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that defendant's request for an order compelling plaintiff to provide further responses to interrogatories must be GRANTED in part and DENIED in part as follows:

1.      Defendant's request for an order compelling plaintiff to provide separate, individualized answers for each and every cash stand at each and every CVS store in California in response to Interrogatory Nos. 3, 11, 13, and 14 is DENIED.

2.      To the extent defendant requests an order compelling plaintiff to provide "all facts" in response to Interrogatory Nos. 3, 4, 5, 11, 13, and 14, the request is DENIED. Plaintiff need only respond to these interrogatories by providing the material or principal facts that support her contentions.

3.      Defendant's request for an order compelling plaintiff to provide a further response to Interrogatory No. 3 is DENIED.

4.      Defendant's request for an order compelling defendant to provide further responses to Interrogatory Nos. 4, 5, 11, 13, and 14 is GRANTED with limitations. As noted above, plaintiff must amend her responses by providing the principal or material facts that are responsive to each of these interrogatories but need not provide separate, individualized responses for each and every cash stand at each and every CVS store in California in response to Interrogatory Nos. 11, 13, and 14.

IT IS SO ORDERED.

Dated: February 27, 2019

Hon. Karen S. Crawford
United States Magistrate Judge

10